# Sage Legal LLC

**18211 Jamaica Avenue ● Jamaica, NY 11423-2327 ● (718) 412-2421 ● emanuel@sagelegal.nyc**

June 13, 2024

<u>VIA ECF</u>
United States District Court
Southern District of New York
<u>Attn</u>: Hon. Edgardo Ramos, U.S.D.J.
40 Foley Square
Courtroom 619
New York, NY 10007

> *Re:*    **Noh v. adMarketplace, Inc.,** *et ano.*
> **Case No.: 1:24-cv-2107 (ER) (SLC)**
> **Letter Motion for Pre-Motion Conference**

Dear Judge Ramos:

This office represents Defendant Eugene Kilberg ("Kilberg") in the above-referenced case. Kilberg writes to respectfully request a pre-motion conference in anticipation of his motion to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"). Consistent with ¶ 2(A) of this Court's Individual Practices, Kilberg respectfully submits that the basis for the anticipated motion is as follows.

       i.     <u>Allegations in the Complaint</u>

Plaintiff Alexandra Noh (hereinafter "Plaintiff" or "Noh") brings claims against Kilberg pursuant to the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL") for discrimination based on race, sex, and/or gender. <u>See</u> ECF Docket Entry 1 at ¶¶ 82-87. In support of her claims, Noh alleges that: (i) she was the victim of continuous and ongoing sexual harassment by Kilberg (¶ 16); (ii) Kilberg insisted on seeing her computer screen while she worked (¶ 19); (iii) Kilberg placed his hand on her chair and on her hand to move a computer mouse (¶ 19); (iv) Kilberg spoke closely to her and his saliva fell in her food (¶ 21); Kilberg commented that Noh's figure is different than other Asian girls he has dated (¶ 24); Kilberg told Noh that she's a good girl (¶ 28); Kilberg asked Noh whether it was her time of the month (¶ 30); Kilberg commented that it's "biology" when Noh complained that it was cold (¶ 32); Kilberg commented on Noh's diet (¶ 34); Kilberg commented that girls only like brand name things (¶ 35); Kilberg ate Noh's snacks and commented that he did so to help maintain her weight and figure (¶ 37); Kilberg called Noh "darling" (¶ 38); Kilberg asked Noh to "come out, come out, wherever [she was]" during a virtual meeting (¶ 39); Noh observed a photo of a naked woman in Kilberg's office during a virtual meeting and discussed the photo with her (¶¶ 41-42); Kilberg demanded that Noh answer questions when he asked (¶¶ 43-45); Kilberg told Noh that she should not joke about trading rooms with him in relation to a Miami business trip (¶¶ 53-56). Critically, Plaintiff resigned from her employment. <u>Id.</u> at ¶ 64. Based on the foregoing, Plaintiff alleges that Defendants engaged in an unlawful discriminatory practice because of her sex/gender (female) and race (Asian) under the NYSHRL and NYCHRL, and created (and maintained) a hostile work environment under the NYCHRL. <u>Id.</u> at ¶¶ 84, 87.

ii.     Legal Standard under the NYSHRL

"To establish a *prima facie* case of discrimination on the basis of race [or sex/gender] under the NYSHRL, a plaintiff must demonstrate that: (1) the plaintiff is a member of a protected class; (2) the plaintiff was qualified to hold the position; (3) the plaintiff suffered an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination." See Blackman v. Metropolitan Tr. Auth., 206 A.D.3d 602, 603-04 (2d Dept. 2022).  "To determine whether a hostile work environment exists, a court must consider all the circumstances, including the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating, or a mere offensive utterance, and whether it unreasonably interfered with an employee's work performance." See La Marca-Pagano v. Dr. Steven Phillips, P.C., 129 A.D.3d 918 (2d Dept 2015).  A hostile work environment exists only where the workplace is "permeated with discriminatory intimidation, ridicule and insult that is sufficiently severe or pervasive to alter the conditions of "of employment and create an abusive working environment." See Chiara v. Town of New Castle, 126 A.D.3d 111, 120 (2d Dept. 2015).

iii.     Legal Standard under the NYCHRL

When analyzing disparate treatment claims under the NYCHRL, the court must use the burden shifting analysis under McDonnell Douglas, 411 U.S. 792 (1973), as well as a mixed motive analysis which imposes a lesser burden on a plaintiff opposing such a motion. See Ellison v. Chartis Claims, Inc., 178 A.D.3d 665, 668 (2d Dept. 2019); see also Hamburg v. N.Y.U., 155 A.D.3d 66, 73 (1st Dept. 2017), Melman v. Montefiore Med. Ctr., 98 A.D.3d 107, 113, 127 (1st Dept. 2012; Bennett v. Health Mgt. Sys., Inc., 92 A.D.3d 29, 45 (1st Dept. 2011).  Under the NYCHRL, a plaintiff must establish that she or he was "subject to an unfavorable change or treated less well than other employees on the basis of a protected characteristic" See Golston–Green v. City of New York, 184 A.D.3d 24, 38 (2d Dept. 2020).  The NYCHRL is broader than its state law counterpart, and provides that a plaintiff claiming harassment/hostile work environment need only demonstrate that he or she was treated "less well than other employees" because of a characteristic protected by the NYCHRL, such as race, religion, or gender. See Nelson v. HSBC Bank USA, 87 A.D.3d 995, 999 (2d Dept 2011).  Courts recognize "an affirmative defense whereby defendants can still avoid liability if they prove that the conduct complained of consists of nothing more than what a reasonable victim of discrimination would consider petty slights and trivial inconveniences." See Id., 87 A.D.3d at 999.  The concept of a "general civility code," and the reasons why the statutes do not require courts to create or enforce one in a workplace, have been explained well by the United States Supreme Court within the context of an analogous federal anti-discrimination statute.  See Oncale v. Sundowner Offshore Services, Inc., 523 U.S. 75, 81-82 (1998).

iv.     Analysis – Plaintiff's Complaint Must be Dismissed for Failure to State a Claim

In light of the foregoing, Plaintiff's pleadings fall flat on several fronts.  *First*, the complaint is barren as to Plaintiff's qualifications.  "To be 'qualified' for a position … an employee must not only be capable of performing the work; [she] must also satisfy the employer's conditions of employment." See Moore v. City of New York, No. 16-CV-07358 (RJS), 2018 WL 1281809, at *4 (S.D.N.Y. Mar. 8, 2018) (internal quotations omitted), aff'd, 745 Fed. Appx. 407 (2d Cir. 2018).

Courts routinely dismiss complaints such as the one here, where there are no allegations concerning Plaintiff's qualifications.  See Mendelsohn v. Univ. Hosp., 178 F. Supp. 2d 323, 328 (E.D.N.Y. 2002) (dismissing Title VII claim because the "complaint does not contain even a conclusory allegation that the plaintiff was qualified for the position").  Indeed, the word qualified does not even appear in the complaint.

*Second*, the complaint must be dismissed because Plaintiff fails to plead any adverse employment action.  In order to adequately plead constructive discharge, a plaintiff must plausibly allege that the employer "deliberately created working conditions so intolerable, difficult, or unpleasant that a reasonable person would have felt compelled to resign." See Tulino v. Ali, No. 15-CIV.-7106, 2019 WL 1447134, at *3 (S.D.N.Y. Feb. 27, 2019) (quoting Short v. Deutsche Bank Sec., Inc., 913 N.Y.S. 2d 64, 66 (1st Dept. 2010)).[1]  A plaintiff must allege that Defendants' treatment rose to the level of intolerability. See La Porta v. Alacra, Inc., 142 A.D. 3d 851, 852-53 (1st Dept. 2016).  The allegations here fall far short of this heavy burden, where Plaintiff would have merely been required to return to work at the office.

*Third*, Plaintiff's allegations of discrimination constitute petty slights and trivial inconveniences which are not actionable.  See Lebowitz v. New York City Dept. of Educ., 2022 NY Misc. LEXIS 5350 at 24, 2022 WL 4357086 (Sup. Ct., Kings Cty.) (holding that ambiguous comments were insufficient to prove defendant targeted plaintiff and not actionable as "they constitute isolated stray remarks that constitute no more than petty slights"); Mete v. New York State Off. of Mental Retardation & Dev. Disabilities, 21 A.D.3d 288, 294 (1st Dept. 2005); Melman, 98 A.D.3d at 125; see also Cherry v. New York City Hous. Auth., 2017 WL 4357344, at *14 (E.D.N.Y. Sept. 29, 2017) ("Similarly, [the] statement that 'American Black people' are lazy and do not want to work … is a stray remark and is insufficient to infer national origin discrimination, particularly where Plaintiff does not allege that Plaintiff was treated differently from non-'American Black people'") (citing Gonzalez v. Allied Barton Sec. Servs., 2010 WL 3766964, at *5 (S.D.N.Y. Sept. 7, 2010) (finding an employee's stray remark that he did not feel that "women should be working the midnight shift" insufficient), report & recommendation adopted, 2010 WL 3766954 (S.D.N.Y. Sept. 27, 2010)).  As can be gleaned from the foregoing authorities, where the alleged comments were far worse than those alleged here, the allegations made in support of Plaintiff's complaint should be treated the same.

In light of the foregoing, Kilberg respectfully submits that this Court should grant his letter motion for a pre-motion conference.  Further, Kilberg is unable to raise each and every single challenge to the complaint in this letter motion due to the page limitations set forth in this Court's Individual Practices and, as such, reserves the right to raise additional arguments in his anticipated motion.

Kilberg thanks this honorable Court for its time and attention to this case.

---

[1] The standard for a constructive discharge claim under the NYCHRL "is similar to the federal … standard." See Gonzalez v. N.Y.C. Health & Hosp. Corp., No. 19-CIV.-2645 (JPO), 2019 WL 2435622, at *9 (S.D.N.Y. June 11, 2019) (dismissing constructive discharge claims under federal law, the NYSHRL, and the NYCHRL).

Dated: Jamaica, New York
       June 13, 2024

Respectfully submitted,

**SAGE LEGAL LLC**

  */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Defendant*
*Eugene Kilberg*

**VIA ECF**
Phillips & Associates, Attorneys at Law, PLLC
<u>Attn</u>: Melissa Vo, Esq.
45 Broadway, Suite 430
New York, NY 10006-3007
mvo@tpglaws.com

*Attorneys for Plaintiff*
*Alexandra Noh*

**VIA ECF**
Morgan, Lewis & Bockius LLP
<u>Attn</u>: Melissa C. Rodriguez, Esq.
101 Park Avenue
New York, NY 10178-0060
melissa.rodriguez@morganlewis.com

*Attorneys for Defendant*
*adMarketplace, Inc.*