# Morgan Lewis

**Melissa C. Rodriguez**
Partner
+1.212.309.6394
melissa.rodriguez@morganlewis.com

June 13, 2024

<u>Via ECF</u>
The Honorable United States District Judge J. Edgardo Ramos
United States District Court, Southern District of New York
40 Foley Square, New York, NY 10007

**Re: <u>Alexandra Noh v. adMarketplace, Inc. and Eugene Kilberg, 24-CV-2107 (ER)</u>**

Your Honor:

We represent Defendant adMarketplace, Inc. ("adMarketplace") in the above-referenced action. Pursuant to Rule 2(A) of Your Honor's Individual Practices in Civil Cases, we write to respectfully request a pre-motion conference to discuss adMarketplace's anticipated Motion to Dismiss Plaintiff Alexandra Noh's ("Plaintiff") Complaint.

In the Complaint, Plaintiff alleges that adMarketplace and Eugene Kilberg ("Kilberg") discriminated against her and subjected to a hostile work environment based on her sex/gender (female) and race (Asian). Plaintiff brings these claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL"). *See* ECF No. 1

To survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a plaintiff must allege sufficient, non-conclusory facts that, if accepted as true, state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted) (A plaintiff must plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Plaintiff's Complaint does not meet this standard.

**<u>Plaintiff Fails to Plausibly Allege a Constructive Discharge Claim.</u>** Plaintiff alleges that she resigned from adMarketplace due to "the neglect and insufficient response to her reports of discrimination and sexual harassment" by Kilberg and seeks "future pecuniary losses." Compl. ¶¶ 64, 86. To the extent Plaintiff asserts a constructive discharge claim, the Complaint's factual allegations do not support such a claim, which requires a showing that the employer *deliberately,* on the basis of her protected categories, caused "working conditions [to] become so intolerable that a reasonable person in the employee's position would have felt compelled to resign." *Shultz v. Congregation Shearith Israel of City of N. Y.*, 867 F.3d 298, 308 (2d Cir. 2017). This is a demanding standard, even "higher than the

**Morgan, Lewis & Bockius LLP**

101 Park Avenue
New York, NY 10178-0060      T +1.212.309.6000
United States                 F +1.212.309.6001

standard for establishing a hostile environment" claim. *Fincher v. Depository Tr. & Clearing Corp.*, 604 F.3d 712, 725 (2d Cir. 2010).

Here, none of the allegations in the Complaint come close to describing "working conditions so intolerable" that a *reasonable* person would have felt compelled to resign – particularly since Plaintiff does not allege having *any* contact with Kilberg, or that Kilberg remained in the workplace or had any involvement in any complained-of action, between her internal complaint and her resignation.[1]  Nor do the allegations here come close to showing that adMarketplace engaged in any conduct, motivated by a gender or racial animus, which was intentionally designed to force Plaintiff to quit, as required to state a constructive discharge claim.  *See Murdaugh v. City of N. Y.*, No. 10 Civ. 7218, 2011 WL 1991450, at *2 (S.D.N.Y. May 19, 2011) (constructive discharge claim dismissed where plaintiff failed to allege any deliberate acts taken for the purpose of forcing plaintiff to resign).  Indeed, courts routinely dismiss cases alleging constructive discharge with facts far worse than those alleged here. *See, e.g., Leehim v. New York City Dep't of Educ.*, No. 17-3838, 2017 WL 5634128, at *4 (S.D.N.Y. Nov. 21, 2017) (quotation omitted) (dismissing constructive discharge claim where plaintiff alleged she was excluded from multiple meetings, "shushed" by a male peer while being berated, subject to a "profane and angry tirade" by a colleague, and received unequal pay); *Porta v. Alacra, Inc.*, 38 N.Y.S.3d 20 (2016) (holding that allegations that male coworker engaged in unwanted touching and harassing of two females at work, that management was aware of coworker's conduct but did nothing, and that coworker sent employee offensive message on social media regarding her "boobs" were insufficient to support constructive discharge claim under city law). The same result is plainly appropriate here.

**Plaintiff Fails to Plausibly Allege a Hostile Work Environment Claim.**  To plead a plausible hostile work environment claim under Title VII, a Plaintiff must allege facts sufficient to show that their workplace "is permeated with 'discriminatory intimidation, ridicule, and insult,' that is sufficiently severe or pervasive enough to alter the conditions of the victim's employment." *Pena v. Metro Life. Ins. Co.,* 953 F. Supp. 2d 393, 414 (E.D.N.Y 2013) (internal citation omitted).  Under the NYSHRL and the NYCHRL, it is not enough for Plaintiff to demonstrate that they were treated less well because of a protected characteristic.  Rather, the conduct complained of must "exceed[ed] 'what a reasonable victim of discrimination would consider petty slights and trivial inconveniences,' and 'mere personality conflicts' will not suffice."  *See Marseille v. The Mount Sinai Hosp.*, No. 21-2140, 2022 BL 382783, at *2 (2d Cir. Oct. 26, 2022); *Tortorici v. Bus-Tev, LLC*, No. 17-CV-7507, 2021 WL 4177209, at *13 (S.D.N.Y. Sept. 14, 2021).

Kilberg's alleged comments, even if true, are not enough to rise to the level of a hostile work environment.  Instead, the comments are classic "petty slights" or "trivial inconvenience" which Plaintiff does not allege impacted her employment in any way. *See, e.g.*, *Cowan v. City of Mount Vernon*, No. 14-cv-8871, 2017 WL 1169667, at *4-5 (S.D.N.Y. Mar. 28,

---

[1] While not a point to be considered on Defendant's anticipated Motion to Dismiss, Plaintiff fails to mention in the Complaint that adMarketplace terminated Kilberg's employment on March 31, 2022, two days after Plaintiff complained about him and well before her resignation in late April 2022.  *See* Compl. ¶ 64.

2

2017) (dismissing hostile work environment claims where complaint alleged comments about plaintiff's body and requests for sex but was "devoid of any allegations regarding the frequency or severity of such occurrences" (citations omitted)); *LaSalle v. City of New York*, No. 13-5109, 2015 WL 1442376, at *1, 7 (S.D.N.Y. Mar. 30, 2015) (dismissing hostile work environment claim where plaintiff alleged that supervisors called her a "bitch" and used other derogatory and sexist names towards her). Certainly, the lone race-based comment that Plaintiff alleges Kilberg made (Compl. ¶ 24) is wholly insufficient to sustain a race harassment claim.

Similarly, Plaintiff's allegations that Kilberg put his hand over her hand are also insufficient to support the allegation that Plaintiff was subjected to a gender based hostile work environment that altered the conditions of her employment (let alone on the basis of her race). *See, e.g., Russo v. New York Presbyterian Hosp.*, 972 F. Supp. 2d 429, 453 (E.D.N.Y. 2013) (allegations that supervisor "made Plaintiff feel uncomfortable by brushing against her when allowing her to pass by him . . . and temporarily preventing her from retrieving [] equipment by trapping her with his leg" were mere petty slights) (collecting cases); *Lucas v. S. Nassau Communities Hosp.*, 54 F. Supp. 2d 141, 147 (E.D.N.Y. 1998) (physical contact did not constitute sexual harassment where supervisor (1) "allegedly brushed up against plaintiff on three remembered occasions" (2) "[supervisor's] hand also allegedly touched [plaintiff] on three remembered occasions"; and (3) "[supervisor's] hand allegedly touched plaintiff's back or shoulder briefly on five to seven other unidentified occasions").

**Plaintiff Fails to Plausibly Allege Discrimination.**[2] To the extent Plaintiff is bringing standalone discrimination claims, any such claims fail because she fails to plead that she suffered an adverse employment action. While she alleges that Kilberg "berated" her (Compl. ¶ 3), these actions do not rise to the level of adverse employment actions under Title VII or NYSHRL. *See, e.g.*, *Stewart v. City of N. Y.*, No. 22-2775, 2023 WL 6970127, at *2 (2d Cir. Oct. 23, 2023) ("criticism, verbal reprimands, and notices of potential discipline, by themselves, do not qualify as adverse employment actions"). Moreover, Plaintiff does not sufficiently plead that any such "berating" was tied to her race or gender.

Further, to the extent Plaintiff alleges that adMarketplace's denial of her request to work from home permanently is a discriminatory act, any such claim also fails. Indeed, Plaintiff does not allege (nor could she) that Kilberg was even in the workplace following her internal complaint or that he had any involvement in the decision to deny her request to work from home permanently. Moreover, the Complaint is devoid of any allegations showing that the denial of Plaintiff's request to work from home was on the basis of her gender or race.

Defendant adMarketplace is available for a pre-motion conference at the Court's convenience to discuss its anticipated Motion to Dismiss.

We thank the Court in advance for its consideration of this request.

---

[2] The Complaint makes a passing reference to "retaliation." *See* Compl. ¶ 82. However, the Complaint does not plead the elements of a retaliation claim, and any retaliation claim would fail as Plaintiff has not plausibly alleged that any adverse action was taken against her based on any purported protected activity.

3

                Respectfully submitted,

                <u>*/s/ Melissa C. Rodriguez*</u>
                Melissa C. Rodriguez
                *Attorney for Defendant adMarketplace*

cc: All Counsel of Record (via ECF)