**PHILLIPS & ASSOCIATES**

*Attorneys at Law*
45 BROADWAY, SUITE 620, NEW YORK, NEW YORK 10006
TEL: (212) 248-7431 FAX: (212) 901-2107
WWW.NYCEMPLOYMENTATTORNEY.COM
A PROFESSIONAL LIMITED LIABILITY COMPANY

June 24, 2024

**VIA ECF**
The Honorable Edgardo Ramos
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

    RE:    <u>Noh v. AdMarketplace, et. al.</u>
            Docket No.    1:24-cv-02107 (ER)

Your Honor:

This office represents Plaintiff Alexandra Noh ("Plaintiff"), in the above-referenced matter. Plaintiff writes in response to Defendants' June 18, 2024, correspondence requesting another pre-motion conference in anticipation of filing a motion to dismiss. <u>See</u> Dkt. No. 20. We write Your Honor to respectfully request Defendants' application to make a motion to dismiss be denied in its entirety as Plaintiff has plead sufficient facts to establish hostile work environment and discrimination claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL").

**Legal Standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible on its face "when the pled factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "In assessing the legal sufficiency of plaintiff's claims on a motion to dismiss, the court must accept factual allegations in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *DiFolco v. MSNBC Cable*, 622 F.3d 104, 111 (2d Cir. 2010) (quoting *Bell Atl. Corp. v Twombly*, 550 US 544, 570 (2007).

**Argument**

    I.    **Plaintiff Has Pled a Retaliation Claim via Constructive Discharge**

Defendants also retaliated against Plaintiff. To establish a *prima facie* case of retaliation, the Plaintiff must demonstrate that she: (1) engaged in protected activity; (2) the defendant was

aware of this protected activity; (3) the defendant took adverse action against the Plaintiff; and (4) there is a causal connection between the protected activity and the adverse action. *Shelton v. Trs. Of Columbia Univ.*, 369 Fed. App'x. 200, 201 (2d Cir. 2010) (citation omitted).

Plaintiff was subjected to adverse action because she was constructively discharged. A constructive discharge is "functionally the same as an actual termination" and therefore is considered an adverse employment action. Pa. State Police v. Suders, 542 U.S. 129 (2004). Edwards v. Huntington Union Free Sch. Dist., 957 F. Supp. 2d 203, 212-213 (E.D.N.Y. July 18, 2013). The Second Circuit has long held that "[a]n employer's actions or statements which induce the involuntary resignation, either alone or in combination with other adverse conditions, can constitute intolerable working conditions for the purposes of establishing constructive discharge." *See* Lopez v. S.B. Thomas, Inc., 831 F.2d 1184, 1188 (2d Cir.1987). There is no question that Defendant Kilberg's relentless and sexually charged conduct was severe and pervasive, and culminated in Plaintiff seeking mental health treatment. Despite repeated requests by Plaintiff to continue working remotely in light of the panic attacks and accompanying physical manifestations of her emotional distress, Defendant adMarketplace refused and demanded Plaintiff return to the physical environment where this abuse transpired. (*See* Complaint ¶¶ 62). But for this decision by adMarketplace, Plaintiff would not have been forced to resign. (*See* Complaint ¶¶ 64). Any reasonable person, when faced with the decision to risk her health, would have felt compelled to resign.

## II. Plaintiff Has Pled a Hostile Work Environment Claim Under Title VII, NYSHRL, and NYCHRL

To prevail on a hostile work environment claim under Title VII, one must demonstrate: "(1) that her workplace was permeated with discriminatory intimidation that was sufficiently severe or pervasive to alter the conditions of her environment, and (2) that a specific basis exists for imputing the conduct that created a hostile environment to the employer." *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 715 (2d Cir. 1996).

Here, Defendant Kilberg's disgusting, invasive, and predatory harassment clearly gives rise to a claim of hostile work environment. As detailed more fully in the Complaint, Defendant Kilberg's abhorrent conduct included, *inter alia*: (1) constantly and inappropriately invading Plaintiff's personal space while never treating male employees this way; (2) making comments about Plaintiff's body and the female anatomy; (3) displaying a nude photo of a woman on his calls with Plaintiff; (4) inappropriately touching Plaintiff's thigh; (4) telling Plaintiff she needs to be more submissive and respect his authority. (*See* Complaint ¶¶ 19-56). These facts are clearly sufficient to establish severe and pervasive harassment. *See Stella v. Brandywine Senior Living, Inc.*, No. 11-cv-1094, 2012 U.S. Dist. LEXIS 123936, at *10-11 (E.D.N.Y. July 9, 2012) (finding hostile work environment and denying summary judgment where supervisor made sexually suggestive comments, displayed herself in sexually suggestive poses, and propositioned plaintiff); *Messer v. Fahnestock & Co.*, No. 03-cv-4989, 2008 WL 4934608, at *15 (E.D.N.Y. Nov. 18, 2008) (denying summary judgment on sexual harassment claim where plaintiff alleged that her harasser "massaged her shoulders without permission, told her on one occasion that she 'loo[ked] very sexy'" and commented on her appearance and personal life despite indications from plaintiff

that his comments and attention were unwelcomed); *Dillon v. Ned Mgmt.*, 85 F. Supp. 3d 639, 663 (E.D.N.Y. 2015) (supervisor's contact with plaintiff's buttocks plus sexual propositions sufficient to create hostile work environment); *Stathatos v. Gala Resources, LLC*, No. 06-cv-13138, 2010 WL 2024967, at *5-6 (S.D.N.Y. May 21, 2010) (summary judgment denied where plaintiffs claimed that harasser touched their shoulders and arms, and were exposed to sexually explicit conversations and photographs, and to sexist jokes).

### III.   Plaintiff Has Pled a Claim of Gender Discrimination Under Title VII, NYSHRL, and NYCHRL

To establish a prima facie case of gender discrimination under Title VII, a plaintiff must demonstrate: (1) membership in a protected class; (2) satisfactory job performance; (3) an adverse employment action; and (4) circumstances surrounding the employment action that give rise to an inference of discrimination. *Fahrenkrug v. Verizon Servs. Corp.*, 652 Fed. Appx. 54, 56 (2d Cir. 2016) (citation omitted). Defendants argue that there was no tangible adverse employment action.

Notably, the definition of "tangible employment action" given by the Supreme Court is **non-exclusive**: "A tangible employment action constitutes a significant change in employment status ***such as*** hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761(1998). "As a general matter, the Second Circuit has held that there is no bright line rule for determining 'whether the challenged employment action reaches the level of adverse.'" *Brown v. Snow*, No. 02 Civ. 7985 (GEL), 2003 U.S. Dist. LEXIS 6563, at *10 (S.D.N.Y. Apr. 17, 2003) (quoting *Wanamaker v. Columbian Rope Co.*, 108 F.3d 462, 466 (2d Cir. 1997)). In fact, "[m]aterially adverse" employment actions can also include "a demotion evidenced by a decrease in wage or salary, a less distinguished title, . . . or other indices . . . ***unique to a particular situation***." *Feingold v. New York*, 366 F.3d 138, 152 (2d Cir. 2004).

Moreover, the "language of Title VII is not limited to 'economic' or 'tangible' discrimination." *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 64. (1986). *See Min Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 93-94 (2d Cir. 2002) (vacating judgment of district court after concluding that it defined "tangible employment action too narrowly" by instructing jury to only consider exclusive list of three economic-based harms, and not to consider other lesser actions). *See also* EEOC Enforcement Guidance: Vicarious Employer Liability for Unlawful Harassment by Supervisors, (June 18, 1999) ("An individual who is authorized to direct another employee's day-to-day work activities qualifies as his or her supervisor even if that individual does not have the authority to undertake or recommend tangible job decisions. Such an individual's ability to commit harassment is enhanced by his or her authority to increase the employee's workload or assign undesirable tasks, and hence it is appropriate to consider such a person a 'supervisor' when determining whether the employer is vicariously liable."); *Kemp v. A & J Produce Corp.*, No. 00-CV-06050 (ERK), 2005 U.S. Dist. LEXIS 45731, at *48-49 (E.D.N.Y May 25, 2005) (acknowledging and conceding that forcing an employee to work more overtime could constitute an adverse employment action).

In addition to Plaintiff's aforementioned constructive discharge, here, Defendant Kilberg deliberately sabotaging her work in comparison to her white male colleagues, as well as threatening Plaintiff's job security all constitute and exemplify tangible employment actions. (*See* Complaint ¶¶ 49-52). The above-mentioned conduct would not have occurred but for Plaintiff's rejection of Defendant Kilberg's sexual advances and her perceived role as a submissive woman of Asian descent. Chen v. City Univ. of N.Y., 2011 U.S. Dist. LEXIS 130094, at *2 (S.D.N.Y. Nov. 9, 2011) (denying Motion to Dismiss where Plaintiff pled that she was "maligned for not fitting defendants' stereotypical model of how Asian women are expected to act" and that her supervisor utilized "linguistic racial discrimination" against her by treating her like a child and mocking her).

Due to Plaintiff's complaints of gender and race discrimination ultimately led to adMarketplace taking away a previously granted work-from-home accommodation. (*See* Complaint ¶¶ 62-63).

As such, Plaintiff has established a prima facie case of gender and race discrimination.

### IV. Should the Court Determine That Any Portion of the Amended Complaint is Inadequately Pled, Plaintiff Requests Further Leave to Amend

Should the Court find that Complaint is inadequately pled, Plaintiff respectfully requests leave to amend pursuant to Fed. R. Civ. P. 15.

Based on the foregoing, we ask Your Honor to deny Defendants' request for a pre-motion conference in anticipation of the filing of a motion to dismiss, as all of Plaintiff's claims are sufficiently pled. As Plaintiff can meet the Title VII standards for discrimination and retaliation, she can meet the more liberal NYSHRL and NYCHRL standards.

Additionally, if Your Honor indicates that the parties will proceed with the pre-motion conference, we request with the consent of opposing counsel that the conference currently scheduled for June 27, 2024, at 10:00 AM be adjourned as my office has a conflict in scheduling. Specifically, with the consent of opposing counsel, we have agreed on **July 8, July 9, or July 10, 2024,** which are the dates that will work best for both parties.

                                                   Respectfully submitted,

                                                   _/s/ Melissa Vo_
                                                   Melissa Vo, Esq.
                                                   Phillips & Associates