**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------X
**ALEXANDRA NOH,**

                         **Plaintiff,**                      **Case No.: 1:24-cv-2107 (ER) (SLC)**

      -against-

**ADMARKETPLACE, INC., and EUGENE KILBERG,**

                        **Defendants.**
-----------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT EUGENE KILBERG'S**
**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

**SAGE LEGAL LLC**
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Defendant*
*Eugene Kilberg*

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ..................................................................................1

**FACTS** ....................................................................................................................1

**STANDARD OF REVIEW** ......................................................................................1

**ARGUMENT** .........................................................................................................5

    **A.  The Allegations in the Complaint Fail to State a Discrimination Claim** ..........5

        i. <u>Plaintiff Fails to Plead She is Qualified to Perform her Job</u> .................................5

        ii. <u>Plaintiff Fails to Plead an Adverse Employment Action</u> ....................................5

        iii. <u>Plaintiff Fails to Plead a Circumstantial Inference of Discrimination</u>...............9

    **B.  Plaintiff Fails to Allege a Hostile Work Environment** .....................................12

    **C.  Kilberg Adopts & Incorporates by Reference the Company's Motion to Dismiss** 15

**CONCLUSION**.......................................................................................................16

# TABLE OF AUTHORITIES

**Cases**

Alfano v. Costello,
    294 F.3d 365 (2d Cir. 2002)..................................................................................................... 6

Alhaj v. New York City Health and Hosps. Corp.,
    77 Misc. 3d 1063 (Sup. Ct., N.Y. Cty. 2022) ...................................................................... 4

Anschutz Corp. v. Merrill Lynch & Co.,
    690 F.3d 98 (2d Cir. 2012)..................................................................................................... 1

Ashcroft v. Iqbal,
    556 U.S. 662 (2009)........................................................................................................... 1, 2

ASARCO LLC v. Goodwin,
    756 F.3d 191 (2d Cir. 2014)................................................................................................... 2

ASARCO LLC v. Goodwin,
    135 S. Ct. 715 (2014)............................................................................................................. 2

Bart v. Golub Corp.,
    96 F.4th 566 (2d Cir. 2024) ................................................................................................... 9

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007)........................................................................................................... 1, 2

Benette v. Cinemark U.S.A., Inc.,
    295 F. Supp. 2d 243 (W.D.N.Y. 2003) ................................................................................. 8

Benzinger v. Lukoil Pan Americas, LLC,
    447 F. Supp. 3d 99 (S.D.N.Y. 2020).................................................................................... 10

Blackman v. Metropolitan Tr. Auth.,
    206 A.D.3d 602 (2d Dept. 2022) ........................................................................................... 2

Carter v. Cornell Univ.,
    976 F. Supp. 224 (S.D.N.Y.1997) ....................................................................................... 12

Chambers v. Time Warner, Inc.,
    282 F.3d 147 (2d Cir. 2002)................................................................................................... 2

Chiara v. Town of New Castle,
    126 A.D.3d 111 (2d Dept. 2015) ......................................................................................... 11

Cherry v. New York City Hous. Auth.,
    2017 WL 4357344 (E.D.N.Y. Sept. 29, 2017) ............................................................ 13

Ciulla v. Xerox Corp.,
    70 Misc. 3d 1205(A) (Sup. Ct., N.Y. Cty. 2021) ...................................................... 10

Davis-Garett v. Urban Outfitters, Inc.,
    921 F.3d 30 (2d Cir. 2019) .......................................................................................... 5

Dawson v. Bumble & Bumble,
    246 F. Supp. 2d 301 (S.D.N.Y. 2003) ....................................................................... 10

Ellison v. Chartis Claims, Inc.,
    178 A.D.3d 665 (2d Dept. 2019) ................................................................................. 3

Feingold v. New York,
    366 F.3d 138 (2d Cir. 2004) ........................................................................................ 7

Figueroa v. City of New York,
    118 Fed. Appx. 524 (2d Cir. 2004) ........................................................................... 14

Gaffney v. City of New York,
    101 A.D. 3d 410 (1st Dept. 2012) ............................................................................... 6

Gebhardt v. Allspect, Inc.,
    96 F. Supp. 2d 331 (S.D.N.Y. 2000) ........................................................................... 1

Golston–Green v. City of New York,
    184 A.D.3d 24 (2d Dept. 2020) ............................................................................. 3, 4

Gonzalez v. Allied Barton Sec. Servs.,
    2010 WL 3766964 (S.D.N.Y. Sept. 7, 2010) ............................................................ 13

Gonzalez v. Allied Barton Sec. Servs.,
    2010 WL 3766954 (S.D.N.Y. Sept. 27, 2010) .......................................................... 13

Gonzalez v. N.Y.C. Health & Hosp. Corp.,
    No. 19 Civ. 2645 (JPO), 2019 WL 2435622 (S.D.N.Y. June 11, 2019) .................... 6 n. 2

Hannah v. One Communs.,
    2011 U.S. Dist. LEXIS 127521 (W.D.N.Y. Sept. 28, 2011) ...................................... 10

Henry v. Wyeth Pharms. Inc.,
    616 F. 3d 134 (2d Cir. 2010) ..................................................................................... 14

Hill v. Rayboy-Brauestein,
    467 F. Supp. 2d 336 (S.D.N.Y. 2006)............................................................. 12

Hines v. Hillside Children's Ctr.,
    73 F. Supp. 2d 308 (W.D.N.Y. 1999) .............................................................. 10

Holleman v. Art Crating Inc,
    2014 WL 4907732, 2014 U.S. Dist. LEXIS 139916 (E.D.N.Y. 2014) ............................ 14

Hughes v. Twenty-First Century Fox, Inc.,
    304 F. Supp. 3d 429 (S.D.N.Y. 2018)............................................................. 11

Jewish People for the Betterment of Westhampton Beach v. Vil. of Westhampton Beach,
    No. 2:12-CV-3760 (LDW), 2013 WL 11322083 (E.D.N.Y. May 21, 2013) ................... 11

Jewish People for the Betterment of Westhampton Beach v. Vil. of Westhampton Beach,
    778 F.3d 390 (2d Cir. 2015)....................................................................... 15

Jones v. City of N.Y.,
    No. 22-1867, 2023 U.S. App. LEXIS 25266 (2d Cir. Sep. 25, 2023) ............................ 2

La Marca-Pagano v. Dr. Steven Phillips, P.C.,
    129 A.D.3d 918 (2d Dept 2015) .................................................................. 11

La Porta v. Alacra, Inc.,
    142 A.D. 3d 851 (1st Dept. 2016).................................................................. 6

Lebowitz v. New York City Dept. of Educ.,
    2022 NY Misc. LEXIS 5350, 2022 WL 4357086 (Sup. Ct., Kings Cty.) ...................... 13

Lenart v. Coach, Inc.,
    131 F. Supp. 3d 61 (S.D.N.Y. 2015)............................................................. 12

Luka v. Bard Coll.,
    263 F. Supp. 3d 478 (S.D.N.Y. 2017)............................................................ 13

Makhsudova v. City of New York,
    No. 20-CV-10728, 2022 WL 1571152 (S.D.N.Y. May 18, 2022) ....................... 2 n. 1

Mandell v. County of Suffolk,
    316 F3d 368 (2d Cir. 2003)........................................................................ 9

Martin v. Citibank, N.A.,
    762 F.2d 212 (2d Cir. 1985)....................................................................... 8

McDonnell Douglas Corp. v. Green,
    411 U.S. 792 (1973)...................................................................................... 2, 3

Melman v. Montefiore Med. Ctr.,
    98 A.D.3d 107 (1st Dept. 2012)........................................................................ 13

Mete v. New York State Off. of Mental Retardation & Dev. Disabilities,
    21 A.D.3d 288 (1st Dept. 2005)........................................................................ 13

Moore v. City of New York,
    No. 16-CV-07358 (RJS), 2018 WL 1281809 (S.D.N.Y. Mar. 8, 2018)........................... 5

Moore v. City of New York,
    745 Fed. Appx. 407 (2d Cir. 2018) .................................................................... 5

Nelson v. HSBC Bank USA,
    87 A.D.3d 995 (2d Dept 2011) .................................................................... 3, 12

Obinabo v. Radioshack Corp.,
    522 Fed. Appx. 55 (2d Cir. 2013)..................................................................... 14

Olorode v. Streamingedge, Inc.,
    2014 U.S. Dist. LEXIS 59421 (S.D.N.Y. April 29, 2014) ............................................ 10

Oncale v. Sundowner Offehore Services, Inc.,
    523 U.S. 75 (1998).................................................................................... 4

Petrosino v. Bell Atl.,
    385 F.3d 210 (2d Cir. 2004).......................................................................... 8

Raimondo v. Erie 2-Chautauqua-Cattaraugus BOCES,
    2023 WL 4624749 (W.D.N.Y. July 19, 2023).......................................................... 11

Schimkewitsch v. New York Inst. of Tech.,
    2020 WL 3000483 (E.D.N.Y. June 4, 2020) ......................................................... 13

Schwapp v. Town of Avon,
    118 F.3d 106 (2d Cir. 1997).......................................................................... 12

Sethi v. Narod,
    12 F. Supp. 3d 505 (E.D.N.Y. 2014) ................................................................. 14

Short v. Deutsche Bank Sec., Inc.,
    913 N.Y.S. 2d 64 (1st Dept. 2010) ................................................................ 6, 7

Sims v. Trustees of Columbia Univ. City of N.Y.,
    2017 N.Y. Slip Op. 32331(U) (Sup. Ct., N.Y. Cty. 2017)..................................................... 4

Singh v. Covenant Aviation Sec., LLC,
    131 A.D.3d 1158 (2d Dept. 2015) ....................................................................................... 3

Smith v. Local 819 I.B.T. Pension Plan,
    291 F.3d 236 (2d Cir. 2002)................................................................................................. 1

Spence v. Maryland Cas. Co.,
    995 F.2d 1147 (2d Cir. 1993)........................................................................................... 6, 8

Stembridge v. City of New York,
    88 F. Supp. 2d 276 (S.D.N.Y. 2000)................................................................................. 12

Terry v. Ashcroft,
    336 F.3d 128 (2d Cir. 2003)................................................................................................. 5

Tomassi v. Insignia Fin. Grp Inc.,
    478 F. 3d 111 (2d Cir. 2007)............................................................................................. 14

Tulino v. Ali,
    No. 15-CIV.-7106, 2019 WL 1447134 (S.D.N.Y. Feb. 27, 2019) ............................. 6, 7, 8

Vale v. Great Neck Water Pollution Control Dist.,
    80 F. Supp. 3d 426 (E.D.N.Y. 2015) ............................................................................... 14

Vega v. Hempstead Union Free Sch. Dist.,
    801 F.3d 72 (2d Cir. 2015)............................................................................................... 5, 9

Viens v. Am. Empire Surplus Line Ins. Co.,
    No. 3:14-CV-952 (JBA), 2015 WL 3796230 (D. Conn. June 18, 2015)......................... 15

Whidbee v. Garzarelli Food Spec., Inc.,
    223 F.3d 62 (2nd Cir. 2000)................................................................................................. 8

Williams v. N.Y.C. Hous. Auth.,
    61 A.D.3d 62 (1st Dept. 2009)...................................................................................... 2, 3, 4

Woodcock v. Montefiore Med. Ctr. Univ. Hosp.,
    No. 98-CIV.-4420, 2002 U.S. Dist. LEXIS 2965 (EDNY Jan 28, 2002)......................... 9

**Rules**

Fed. R. Civ. P. 12.................................................................................................................... 1

vi

**Statutes**

New York City Administrative Code § 8-107 ................................................................... 1

New York Executive Law § 296 ....................................................................................... 1

## PRELIMINARY STATEMENT

Despite being placed on notice of the deficiencies in her complaint, Plaintiff Alexandra Noh (hereinafter "Plaintiff" or "Noh") has failed to meet the well-established pleading standard to state a claim pursuant to New York State Executive Law § 296 (hereinafter "NYSHRL") or New York City Administrative Code § 8-107(1) (hereinafter "NYCHRL"). As such, Defendant Eugene Kilberg (hereinafter "Defendant" or "Kilberg") respectfully moves to dismiss Plaintiff' complaint.

## FACTS

Kilberg respectfully incorporates by reference the facts set forth in Plaintiff's complaint and as summarized by Defendant adMarketplace, Inc. (hereinafter "adMarketplace" or the "Company") in its memorandum of law in support.

## STANDARD OF REVIEW

To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter ... to state a claim to relief that is plausible on its face." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).   A claim has "facial plausibility" only if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.; see also Anschutz Corp. v. Merrill Lynch & Co., 690 F.3d 98 (2d Cir. 2012).  "Factual allegations must be enough to raise a right to relief above the speculative level," and the stated grounds for relief must consist of more than "labels and conclusion." See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will [therefore] not suffice to prevent a motion to dismiss."  See Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002) (quoting Gebhardt v. Allspect, Inc., 96 F. Supp. 2d 331, 333 (S.D.N.Y. 2000)) (internal citation and quotation marks omitted in original).

Although the complaint need not contain detailed factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." See Iqbal, 556 U.S. at 678. Nor will a pleader's "formulaic recitation of the elements of a cause of action" be considered adequate to survive a Rule 12(b)(6) motion. See Twombly, 550 U.S. at 555. While the Court must limit itself to the facts alleged in the complaint and any documents attached to the complaint as exhibits or incorporated by reference therein, Courts may also look to matters of which judicial notice may be taken in determining a motion for judgment on the pleadings. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002); see also ASARCO LLC v. Goodwin, 756 F.3d 191, 198 (2d Cir. 2014), cert. denied, 135 S. Ct. 715 (2014).

Discrimination claims under NYSHRL and NYCHRL[1] must first establish a *prima facie* case of discrimination under the McDonnell Douglas burden-shifting framework by demonstrating: (1) the plaintiff is a member of a protected class, (2) the plaintiff is qualified for the position held, (3) the plaintiff suffered an adverse employment action, and (4) the circumstances give rise to an inference of discrimination. See Jones v. City of N.Y., No. 22-1867, 2023 U.S. App. LEXIS 25266, *2-3 (2d Cir. Sep. 25, 2023); see also Blackman v. Metropolitan Tr. Auth., 206 A.D.3d 602, 603-04 (2d Dept. 2022).

The Local Civil Rights Restoration Act of 2005 (Local Law No. 85 (2005) of City of NY) ("Restoration Act") clarified that the NYCHRL's provisions must be construed independently and more liberally from their similar state and federal counterparts. See Williams v. NYC Hous. Auth., 61 A.D.3d 62, 66 (1st Dept. 2009)).

---

[1] The NYSHRL was amended, effective October 11, 2019. See Makhsudova v. City of New York, No. 20-CV-10728, 2022 WL 1571152, at *5 n.7 (S.D.N.Y. May 18, 2022) ("The New York State Legislature passed several amendments to the NYSHRL in June 2019, the effect of which was to render the standard for claims closer to the standard under the NYCHRL").

When analyzing disparate treatment claims under the NYCHRL, the court must use the burden shifting analysis under <u>McDonnell Douglas</u>, 411 U.S. 792 (1973), as well as a mixed motive analysis which imposes a lesser burden on a plaintiff opposing such a motion. <u>See</u> <u>Ellison v. Chartis Claims, Inc.</u>, 178 A.D.3d 665, 668 (2d Dept. 2019).

Under the NYCHRL, a plaintiff must establish that she or he was "subject to an unfavorable change or treated less well than other employees on the basis of a protected characteristic" <u>See</u> <u>Golston–Green v. City of New York</u>, 184 A.D.3d 24, 38 (2d Dept. 2020). Unlawful discrimination must play "no role" in an employment decision. <u>See</u> <u>Ellison</u>, 178 A.D.3d at 668 (internal quotation marks omitted); <u>see</u> <u>also</u> <u>Singh v. Covenant Aviation Sec., LLC</u>, 131 A.D.3d 1158, 1161 (2d Dept. 2015).

The NYCHRL is broader than its state law counterpart, and provides that a plaintiff claiming harassment/hostile work environment need only demonstrate that he or she was treated "less well than other employees" because of a characteristic protected by the NYCHRL, such as race, religion, or gender. <u>See</u> <u>Nelson v. HSBC Bank USA</u>, 87 A.D.3d 995, 999 (2d Dept 2011) (adopting <u>Williams</u>, 61 A.D.3d 62 for liability for causes of action alleging hostile work environment pursuant to the NYCHRL).

Courts recognize "an affirmative defense whereby defendants can still avoid liability if they prove that the conduct complained of consists of nothing more than what a reasonable victim of discrimination would consider petty slights and trivial inconveniences." <u>See</u> <u>Id.</u>, 87 A.D.3d at 999 (quoting <u>Williams</u>, 61 A.D.3d at 79-80).

The concept of a "general civility code," and the reasons why the statutes do not require courts to create or enforce one in a workplace, have been explained well by the United States Supreme Court within the context of an analogous federal anti-discrimination statute:

> We have emphasized, moreover, that the objective severity of harassment should be judged from the perspective of a reasonable person in the plaintiffs position, considering "all the circumstances." ... In … harassment cases, that inquiry requires careful consideration of the social context in which particular behavior occurs and is experienced by its target. A professional football player's working environment is not severely or pervasively abusive, for example, if the coach smacks him on the buttocks as he heads onto the field- even if the same behavior would reasonably be experienced as abusive by the coach's secretary (male or female) back at the office. The real social impact of workplace behavior often depends on a constellation of surrounding circumstances, expectations, and relationships which are not fully captured by a simple recitation of the words used or the physical acts performed. Common sense, and an appropriate sensitivity to social context, will enable courts and juries to distinguish between simple teasing or roughhousing among members of the same sex, and conduct which a reasonable person in the plaintiffs position would find severely hostile or abusive.

See Oncale v. Sundowner Offehore Services, Inc., 523 U.S. 75, 81-82 (1998) (internal citation omitted) (recognizing liability for same-sex harassment would not transform Title VII of the federal Civil Rights Act into a general civility code for the American workplace).  The Appellate Division has also repeatedly noted that the NYCHRL is not a "general civility code" and that "petty slights and trivial inconveniences" are still nonactionable under the law. See Golston-Green, 184 A.D.3d at 43; see also Williams, 61 A.D.3d at 78-80.   A plaintiff still must "do more than cite to his mistreatment" and then ask the court to conclude that the mistreatment must have been related to his protected status. See Sims v. Trustees of Columbia Univ. City of N.Y., 2017 N.Y. Slip Op. 32331(U), 2017 WL 5006609; 2017 N.Y. Misc. LEXIS 4204 at 13-14 (Sup. Ct., N.Y. Cty. 2017).

Courts routinely find that random comments are usually insufficient to establish a hostile work environment.  See Alhaj v. New York City Health and Hosps. Corp., 77 Misc. 3d 1063, 1076 (Sup. Ct., N.Y. Cty. 2022).

As set forth herein, the Complaint falls woefully short of properly pleading Plaintiff's claims.  As a result, the Complaint must be dismissed.

## ARGUMENT

### A.    The Allegations in the Complaint Fail to State a Discrimination Claim

a.    Plaintiff's Claims Must Be Dismissed for Failure to Plead *prima facie* Discrimination

i.    Plaintiff Fails to Plead She is Qualified to Perform her Job

Plaintiff's complaint does not demonstrate that she was qualified for the position held. "To be 'qualified' for a position … an employee must not only be capable of performing the work; [she] must also satisfy the employer's conditions of employment." See Moore v. City of New York, No. 16-CV-07358 (RJS), 2018 WL 1281809, at *4 (S.D.N.Y. Mar. 8, 2018) (internal quotations omitted), aff'd, 745 Fed. Appx. 407 (2d Cir. 2018).

Here, Plaintiff did not plead that she was qualified for her position.  Moreover, she did not allege that she was willing to work from her employer's office as required by the Company. The Plaintiff's employer denied Plaintiff's request to work from home; thus, she would be required to work from the office. Comp. ¶ 62. The Plaintiff resigned from her position and did not fulfill her employer's requirement to work from the office. Comp. ¶ 62, 64.  See Moore, *supra*.

ii.    Plaintiff Fails to Plead an Adverse Employment Action

An adverse employment action is "a materially adverse change in the terms and conditions of employment such as termination, demotion evidenced by a decrease in salary or wage, being given a less distinguished title, a material loss in benefits, significantly diminished material responsibilities, or some other action deleterious to the plaintiff's current or future employment." See Davis-Garett v. Urban Outfitters, Inc., 921 F.3d 30, 43 (2d Cir. 2019).

The adverse employment action must be "more disruptive than a mere inconvenience or an alteration of job responsibilities." See Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 85 (2d Cir. 2015) (quoting Terry v. Ashcroft, 336 F.3d 128, 138 (2d Cir. 2003)).

A plaintiff must plausibly allege that her protected characteristic was causally linked to the adverse employment action. "Everyone can be characterized by sex, race, ethnicity, or (real or perceived) disability; and many bosses are harsh, unjust, and rude." See Alfano v. Costello, 294 F.3d 365, 377 (2d Cir. 2002).

In order to adequately plead constructive discharge, a plaintiff must plausibly allege that the employer "deliberately created working conditions so intolerable, difficult, or unpleasant that a reasonable person would have felt compelled to resign." See Tulino v. Ali, No. 15-CIV.-7106, 2019 WL 1447134, at *3 (S.D.N.Y. Feb. 27, 2019) (quoting Short v. Deutsche Bank Sec., Inc., 913 N.Y.S. 2d 64, 66 (1st Dept. 2010) (emphasis added)).[2]

Accordingly, a plaintiff must allege that Defendants' treatment rose to the level of intolerability. See La Porta v. Alacra, Inc., 142 A.D. 3d 851, 852-53 (1st Dept. 2016).  Crucially, the plaintiff must show that a reasonable person would have "had no alternative but to resign." See Spence v. Maryland Cas. Co., 995 F.2d 1147, 1157 (2d Cir. 1993) (emphasis added) (finding no constructive discharge because plaintiff could have lodged complaint to human resources rather than resigning). Indeed, intolerability requires an even higher threshold than a claim of a hostile work environment. See Gaffney v. City of New York, 101 A.D. 3d 410, 411 (1st Dept. 2012).

Here, the complaint woefully fails to establish a constructive discharge.  The Plaintiff's stated reason for resigning, "neglect and insufficient response to her reports of discrimination and sexual harassment," does not plead a constructive discharge or adverse employment action, so she fails to state a *prima facie* discrimination claim. Comp. ¶ 64.

---

[2] The standard for a constructive discharge claim under the NYCHRL "is similar to the federal … standard." See Gonzalez v. N.Y.C. Health & Hosp. Corp., No. 19 Civ. 2645 (JPO), 2019 WL 2435622, at *9 (S.D.N.Y. June 11, 2019) (dismissing constructive discharge claims under federal law, the NYSHRL, and the NYCHRL).

A constructive discharge claim must plausibly allege that the employer "deliberately created working conditions so intolerable, difficult, or unpleasant that a reasonable person would have felt compelled to resign." <u>Tulino v. Ali</u>, No. 15-CIV.-7106, 2019 WL 1447134, at *3 (S.D.N.Y. Feb. 27, 2019) (<u>quoting</u> <u>Short v. Deutsche Bank Sec.</u>, Inc., 913 N.Y.S. 2d 64, 66 (1st Dept. 2010)).

Plaintiff's complaint contains no details of her employer's neglect or insufficient response, and instead shows the employer did respond with "We should have known. We should have done something about it," and "I've reflected on what I could have and should have done differently…" Comp. ¶ 59, 61. Plaintiff's accusation of neglect and insufficient response fail to plausibly allege these actions were *deliberate* and the conditions were *intolerable*. After Plaintiff's reports to management in late March, she does not plead any further contact with Kilberg. Comp. ¶¶ 57-78. Additionally, Plaintiff does not plead that any of the alleged discrimination occurring prior to her late March 2022 reports to management continued afterward or were the reason for her later resignation. <u>Id.</u> Plaintiff's stated reason for resigning is wholly insufficient to establish any adverse employment action.  In addition, Plaintiff's allegations regarding the requirement to return to the office is insufficient to allege an adverse employment action because there was no action changing Plaintiff's employment status. Typical examples of a materially adverse employment action include termination, demotion, a less distinguished title, material loss of benefits, or significantly diminished material responsibilities. <u>See</u> <u>Feingold v. New York</u>, 366 F.3d 138, 152 (2d Cir. 2004).

Here, the Plaintiff initially worked in the office. <u>See</u> Comp. ¶ 19. Employees of adMarketplace began working remotely due to the Omicron variant of COVID-19. Comp ¶ 36. The Plaintiff states she was granted the ability to work from home indefinitely, but does not allege that she became a permanently remote employee. Comp. ¶ 62.

The end of a public health emergency cannot serve as an adverse employment action; therefore, Plaintiff's discrimination claim must be dismissed. Indeed, the fact that the Company was requiring Plaintiff to return to the office undermines her constructive discharge claim. <u>See Whidbee v. Garzarelli Food Specialties, Inc.</u>, 223 F.3d 62, 74 (2d Cir. 2000) (finding no constructive discharge where the defendant "demonstrated an interest in retaining the plaintiffs"); <u>see also Benette v. Cinemark U.S.A., Inc.</u>, 295 F. Supp. 2d 243, 257 (W.D.N.Y. 2003) ("Evidence that an employer wanted an employee to remain in its employ seriously undermines a claim of constructive discharge").

Lastly, the Plaintiff does not adequately plead that a return to office is a constructive discharge, because the Plaintiff does not allege that her employer *deliberately* made the office an intolerable place to work. This high standard requires that an employer, "deliberately created working conditions so intolerable, difficult, or unpleasant that a reasonable person would have felt compelled to resign." <u>Tulino</u> at *3. The Plaintiff does not plead that she had any further contact with Mr. Kilberg after reporting him to management, and does not plead that she expected any contact with him upon returning to the office. Comp. ¶¶ 57-78. The complaint is devoid of any *intent* to subject the Plaintiff to difficult working positions, and so the claim of discrimination must be dismissed. Accordingly, Plaintiff cannot meet the heavy burden of establishing a constructive discharge. <u>See Spence v. Md. Cas. Co.</u>, 995 F.2d 1147, 1149-54 (2d Cir. 1993) (no constructive discharge where employer repeatedly criticized plaintiff's work performance, "harangued" plaintiff in front of others, and repeatedly threatened to fire plaintiff); <u>Martin v. Citibank, N.A.</u>, 762 F.2d 212, 221 (2d Cir. 1985) (no constructive discharge when plaintiff had difficult relationship with supervisor); <u>Petrosino v. Bell Atl.</u>, 385 F.3d 210, 230 (2d Cir. 2004) (finding no constructive discharge, despite eight-year hostile work environment, because employee had

endured that harassment and employer's actions immediately preceding resignation had not "ratcheted" the harassment up to "the breaking point"); <u>Woodcock v. Montefiore Med. Ctr. Univ. Hosp.</u>, No. 98-CIV.-4420, 2002 U.S. Dist. LEXIS 2965 (EDNY Jan 28, 2002) (finding no constructive discharge where plaintiff resigned months after most of the incidents upon which the constructive discharge claim was premised).

Because Plaintiff cannot establish that any adverse employment action occurred, there can be no causal nexus between his protected class and any such adverse employment action.

iii.    <u>Plaintiff Fails to Plead Even a Circumstantial Inference of Discrimination</u>

The Plaintiff fails to state a claim, because she does not plead that she was required to return to the office, while a comparable non-class member was treated differently. A Plaintiff must show either direct evidence of intent to discriminate, or circumstances giving rise to an inference of discrimination. <u>See</u> <u>Bart v. Golub Corp.</u> 96 F.4th 566, 569 (2d Cir. 2024) (<u>quoting</u> <u>Vega v. Hempstead Union Free Sch. Dist.</u>, 801 F.3d 72, 87 (2d Cir. 2015)).

Plaintiff states that employees of adMarketplace began to work remotely due to COVID-19, and does not plead that she was treated differently than other employees. Plaintiff fails to plead a circumstantial inference of discrimination, so her claim must be dismissed.

Similarly, Plaintiff attempts to make a claim that she was treated less well on account of her gender by using a male colleague as comparator. However, this attempt fails because Plaintiff cannot tie the disparate treatment to any adverse employment action. Moreover, it is well settled that "[a] plaintiff relying on disparate treatment evidence must show [she] was similarly situated in all material respects to the individuals with whom [she] seeks to compare herself." <u>See</u> <u>Mandell v. County of Suffolk</u>, 316 F3d 368, 379 (2d Cir. 2003). Plaintiff fails to do so, merely alleging the title of a male colleague without more.

Further, absent other *indicia* of discrimination, statements made by an individual who did not make the adverse employment decision at issue will not support a claim of discrimination.  See Dawson v. Bumble & Bumble, 246 F. Supp. 2d 301, 325 (S.D.N.Y. 2003) ("Allegedly discriminatory remarks by non-decisionmakers, or by officers with general authority to hire and fire but who played no role in the plaintiff's dismissal, are insufficient to create an issue of disputed fact for trial"); Olorode v. Streamingedge, Inc., 2014 U.S. Dist. LEXIS 59421, *54 (S.D.N.Y. April 29, 2014) (Caruso played no role in Olorode's termination and thus his comments are not relevant"); Hines v. Hillside Children's Ctr., 73 F. Supp. 2d 308, 316-17 (W.D.N.Y. 1999) (finding that since the comments were made by someone who was not involved in the decision to terminate plaintiff, "her comments are irrelevant on the issue of [plaintiff's] termination"); Hannah v. One Communs., 2011 U.S. Dist. LEXIS 127521 (W.D.N.Y. Sept. 28, 2011).

Here, Kilberg is not alleged to have made any adverse employment decision, nor did he play any role in the decision not to allow Plaintiff to continue working remotely as she requested (to the extent the denial of the request can be considered an adverse employment decision, which it is not).

As such, Kilberg's statements do not support a claim of discrimination.

Based on the foregoing, Plaintiff's disparate treatment claim fails.  See Benzinger v. Lukoil Pan Americas, LLC, 447 F. Supp. 3d 99, 122 (S.D.N.Y. 2020) ("Benzinger does not claim, and the record does not suggest, that anyone made invidious comments or that statistical evidence supports her contentions. In the end, Benzinger is left only with her conclusory allegations that she was treated differently because she was not Russian. Under the totality of the circumstances, no reasonable juror could find that the record raises even a de minimis inference of discrimination"); See Ciulla v. Xerox Corp., 70 Misc. 3d 1205(A) (Sup. Ct., N.Y. Cty. 2021) ("Here, plaintiff cannot

meet his burden of establishing a *prima facie* case because he has not established that Fasano was similarly situated") (analyzing NYSHRL); <u>Raimondo v. Erie 2-Chautauqua-Cattaraugus BOCES</u>, 2023 WL 4624749, at *7 (W.D.N.Y. July 19, 2023) ("Raimondo's allegations here rest on her treatment as compared with her two named BOCES administrators. But she does not allege their national origin (or of other … employees) while alleging that they had the same job title. Absent an allegation of the national origin of the staff …, this Court would have to speculate whether there were other nationalities and that Raimondo was treated differently because she was Kenyan. This may be implicit in her claim but to survive a Motion …, [she needs] to plausibly allege the national origin of BOCES staff and whether it creates an inference of national origin discrimination").

Accordingly, Plaintiff's discrimination claims must be dismissed for failure to state a claim.  <u>See</u> <u>Hughes v. Twenty-First Century Fox, Inc.</u>, 304 F. Supp. 3d 429, 449 (S.D.N.Y. 2018) (holding that even under the NYCHRL's less demanding standard, a plaintiff still must establish that there was a causal connection between protected activity and the employer's action).

### B.    Plaintiff Fails to Allege a Hostile Work Environment

"To determine whether a hostile work environment exists, a court must consider all the circumstances, including the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating, or a mere offensive utterance, and whether it unreasonably interfered with an employee's work performance." <u>See</u> <u>La Marca-Pagano v. Dr. Steven Phillips, P.C.</u>, 129 A.D.3d 918 (2d Dept 2015).   A hostile work environment exists only where the workplace is "permeated with discriminatory intimidation, ridicule and insult that is sufficiently severe or pervasive to alter the conditions of "of employment and create an abusive working environment." <u>See</u> <u>Chiara v. Town of New Castle</u>, 126 A.D.3d 111, 120 (2d Dept. 2015).

Here, Plaintiff allegations consist of mere social *faux paus* that do not establish a hostile work environment, and Plaintiff otherwise fails to allege the conduct was gender based so the NYCHRL hostile work environment claim must be dismissed. Under the NYCHRL, a plausibly hostile work environment must exceed petty slights and trivial inconveniences, and the Plaintiff must show unwanted gender-based conduct. Lenart v. Coach, Inc., 131 F. Supp. 3d 61, 69 (S.D.N.Y. 2015) (quoting Nelson v. HSBC Bank USA, 87 A.D.3d 995 (2d Dept. 2011)). However, New York courts have held that the NYCHRL is not a general civility code. Id. at 69.

Plaintiff relies on various alleged comments made by Kilberg to support her claims. However, none of the comments are directly related to her gender, and constitute mere stray remarks, which are insufficient to be actionable.

Indeed, courts routinely find that allegations which are far worse are not actionable. See Schwapp v. Town of Avon, 118 F.3d 106, 110 (2d Cir. 1997) ("For racist comments, slurs, and jokes to constitute a hostile work environment, there must be more than a few isolated incidents of racial enmity, meaning that instead of sporadic racial slurs, there must be a steady barrage of opprobrious racial comments") (internal quotations and citations omitted)); see also Stembridge v. City of New York, 88 F. Supp. 2d 276, 286 (S.D.N.Y. 2000) (holding seven instances over three years does not constitute a work environment permeated with racial hostility); Carter v. Cornell Univ., 976 F. Supp. 224, 232 (S.D.N.Y.1997) (six comments over a number of years not hostile work environment); Hill v. Rayboy-Brauestein, 467 F. Supp. 2d 336, 360-61 (S.D.N.Y. 2006) (finding self-serving statements by plaintiff unsupported by any evidence and denied by defendants insufficient to create hostile work environment).

Referring to the Plaintiff as "darling" or "a *good* girl," stating "biology" made the Plaintiff feel cold, commenting that girls prefer brand name things, eating Plaintiff's snacks and

commenting that he did so to help maintain her weight and figure, and asking Plaintiff during a virtual meeting to "come out, come out, wherever you are," all fail to show conditions exceeding petty slights. Comp ¶¶ 28, 32, 34, 35, 37, 38, 39.  See Lebowitz v. New York City Dept. of Educ., 2022 NY Misc. LEXIS 5350 at 24, 2022 WL 4357086 (Sup. Ct., Kings Cty.) (holding that ambiguous comments were insufficient to prove defendant targeted plaintiff and not actionable as "they constitute isolated stray remarks that constitute no more than petty slights"); Mete v. New York State Off. of Mental Retardation & Dev. Disabilities, 21 A.D.3d 288, 294 (1st Dept. 2005); Melman v. Montefiore Med. Ctr., 98 A.D.3d 107, 125 (1st Dept. 2012); see also Cherry v. New York City Hous. Auth., 2017 WL 4357344, at *14 (E.D.N.Y. Sept. 29, 2017) ("Similarly, [the] statement that 'American Black people' are lazy and do not want to work … is a stray remark and is insufficient to infer national origin discrimination, particularly where Plaintiff does not allege that Plaintiff was treated differently from non-'American Black people'") (citing Gonzalez v. Allied Barton Sec. Servs., 2010 WL 3766964, at *5 (S.D.N.Y. Sept. 7, 2010) (finding an employee's stray remark that he did not feel that "women should be working the midnight shift" insufficient), report & recommendation adopted, 2010 WL 3766954 (S.D.N.Y. Sept. 27, 2010)).

The complaint in this case evinces that Kilberg made isolated comments, only some of which may be considered offensive, which is insufficient as a matter of law to state a claim for relief.  See, e.g., Schimkewitsch v. New York Inst. of Tech., 2020 WL 3000483, at *3 (E.D.N.Y. June 4, 2020) (citing Luka v. Bard Coll., 263 F. Supp. 3d 478, 487 (S.D.N.Y. 2017) ("Isolated comments, while potentially offensive, do not lead to an inference of discriminatory intent").

Further, in considering whether a comment is probative of discrimination or rather a non-probative "stray remark," a court must consider: (1) whether the remark was made by a decisionmaker or supervisor; (2) when the remark was made in relation to the employment

13

decision at issue; (3) the context of the comment (i.e. whether a juror would regard the remark as discriminatory; and (4) the context in which the remark was made - whether it was related to the decision making process. See Henry v. Wyeth Pharms. Inc., 616 F. 3d 134, 149-50 (2d Cir. 2010) (analyzing these elements under NYSHRL); Holleman v. Art Crating Inc, 2014 WL 4907732, 2014 U.S. Dist. LEXIS 139916 at 89-90 (E.D.N.Y. 2014) (same); Tomassi v. Insignia Fin. Grp Inc., 478 F. 3d 111, 115 (2d Cir. 2007) (same); Obinabo v. Radioshack Corp., 522 Fed. Appx. 55, 57 (2d Cir. 2013).    Here, an analysis of these factors establishes that the comments were non-actionable stray remarks.    While Kilberg is alleged to be Plaintiff's supervisor, none of the comments relate to any employment decision made by Kilberg.  Nor does the context support any discriminatory intent.  Moreover, a remark will be "more probative" of discriminatory intent, where it evinces a discriminatory state of mind and is in close relation to the allegedly discriminatory behavior. See Tomassi, 478 F.3d at 115 (analyzing NYSHRL) (citation omitted); Sethi v. Narod, 12 F. Supp. 3d 505, 535-36 (E.D.N.Y. 2014) (analyzing NYSHRL).

The remarks here are insufficient to state a claim for relief under the NYSHRL or NYCHRL.  See Figueroa v. City of New York, 118 Fed. Appx. 524, 525 (2d Cir. 2004) (holding that "five potentially inappropriate comments, two pranks, a few acts of mistreatment of her property and threats of violence, and at least ten adverse personnel decisions" over a six-year period did not constitute a hostile work environment); Vale v. Great Neck Water Pollution Control Dist., 80 F. Supp. 3d 426, 434-35 (E.D.N.Y. 2015) (holding that plaintiff failed to show adverse action where, upon return from leave, "her papers were disrupted, personal items were missing, and the lock to her desk draw [sic] had been broken").

Given that courts routinely find that far more egregious comments and conduct fail to satisfy the existence of a hostile work environment, this court should similarly hold here.

### C.  Kilberg Adopts & Incorporates by Reference the Company's Motion to Dismiss

Kilberg respectfully adopts and incorporates by reference the Company's motion to dismiss.  See Viens v. Am. Empire Surplus Line Ins. Co., No. 3:14-CV-952 (JBA), 2015 WL 3796230, at *2 (D. Conn. June 18, 2015) ("The Motions to Quash Non–Party Subpoena[s] filed by Wilcox, Malloy and Krar incorporate by reference defendant's arguments").  Such incorporation by reference has been recognized and accepted in this District.  See Jewish People for the Betterment of Westhampton Beach v. Vil. of Westhampton Beach, No. 2:12-CV-3760 (LDW), 2013 WL 11322083, at *1 (E.D.N.Y. May 21, 2013), aff'd, 778 F.3d 390 (2d Cir. 2015) (granting defendant "LIPA's" motion for "judgment on the pleadings [where] said Motion incorporated by reference certain arguments made by Defendant Verizon New York Inc. in its Motion to Dismiss").

The arguments raised therein should apply equally to Kilberg.

### CONCLUSION

The Plaintiff fails to plead the second, third, and fourth elements of a *prima facie* case of discrimination.  Therefore, both the NYSHRL and NYCHRL claims must be dismissed.

Dated: Jamaica, New York
      July 30, 2024                  **SAGE LEGAL LLC**
                                     */s/ Emanuel Kataev, Esq.*
                                   Emanuel Kataev, Esq.
                                   18211 Jamaica Avenue
                                   Jamaica, NY 11423-2327
                                   (718) 412-2421 (office)
                                   (917) 807-7819 (cellular)
                                   (718) 489-4155 (facsimile)
                                   emanuel@sagelegal.nyc

                                   *Attorneys for Defendant*
                                   *Eugene Kilberg*