**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X
**ALEXANDRA NOH,**

                         **Plaintiff,**                    Case No.: 1:24-cv-2107 (ER) (SLC)

    -against-

**ADMARKETPLACE, INC., and EUGENE KILBERG,**

                        **Defendants.**
------------------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT**
**EUGENE KILBERG'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

**SAGE LEGAL LLC**
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Defendant*
*Eugene Kilberg*

## PRELIMINARY STATEMENT

Plaintiff Alexandra Noh's (hereinafter "Plaintiff" or "Noh") opposition papers provide no basis to deny the Defendants' motions to dismiss.

Noh relies on a single inapposite case to argue that a constructive discharge was sufficiently pled, when a Grand Canyon of differences separate the facts pled here compared to those in the single case she relies on to support a constructive discharge claim. Because Plaintiff cannot establish that she was constructively discharged, she necessarily fails to state a claim upon which relief can be granted.

Quizzically, Plaintiff spills much ink to argue that she has successfully pled a claim under 42 U.S.C. § 1981 when no such claim is alleged in either of the two (2) complaints she has filed in this case, the first of which was unsigned.

In any event, Plaintiff's claims against Kilberg under the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL") fail because none of the conduct complained of resulted in any adverse employment action taken against her, and Plaintiff fails to plead that Defendant Eugene Kilberg ("Kilberg") took any such adverse action against her. Moreover, Plaintiff relies on the oft-claimed-but-rarely-successful argument that she is a member of a protected class and, because of same, she suffered discrimination. This is not enough to state a claim of discrimination under the NYSHRL or NYCHRL.

For the foregoing reasons, and those set forth in Kilberg's moving papers, Plaintiff's complaint must be dismissed.

## ARGUMENT

### A. Plaintiff Fails to Plead a Constructive Discharge

Plaintiff argues a denied request for remote work is enough to plead constructive discharge.

This is simply not so.  See Spence v. Maryland Cas. Co., 995 F.2d 1147, 1157 (2d Cir. 1993) (the plaintiff must show that a reasonable person would have "had no alternative but to resign").  Here, the Plaintiff could have: (i) returned to work and see whether Kilberg would have ceased his alleged conduct in light of her complaint; (ii) asked to be transferred instead of continuing to work with Kilberg; (iii) asked that Kilberg be transferred; (iv) sought a restraining order against Kilberg; (v) asked for a leave of absence – paid or unpaid – until she received some assurance that she would not have to work with Kilberg; or (vi) asked for Kilberg to be terminated.  Plaintiff did avail herself of any of these options and took matters into her own hands by resigning.  By engaging in self-help, Plaintiff fails establish that she had "no alternative but to resign."

Further, Plaintiff relies solely on a single case in support of her argument that a constructive discharge occurred.  In Atkinson v. Singh, the allegations pled were that "Singh regularly belittled Safo's intelligence and capabilities, and he regularly reprimanded her in extreme ways for trivialities—in one instance, he 'pulled her out' of a meeting with potential donors to chastise her for 'not ... circulat[ing]' an email about a birthday cake more widely. … Silva regularly talked to others at AIGH about Safo with gendered and misogynistic epithets and phrases. ([citing complaint]) ("[Silva] told Llames that '[Safo] is a cunt. She just needs to get laid.' Silva told others that Safo was a 'bitch,' a 'cunt,' 'uptight,' and a 'control freak.'"), … ("that bitch [Safo] is stealing my work" (alteration in original)).) Llames alleges she was subjected to similar gendered epithets, …, and in "at least half a dozen" "weekly status meetings," Singh "skipped over" Llames "as if she did not exist" when it would normally have been her turn to speak, …" and court there thus found that "[t]his is more than enough to plead the adverse employment action of constructive discharge."  See No. 19-CV-3779 (VSB), 2022 WL 137634, at *14 (S.D.N.Y. Jan. 14, 2022). These allegations simply do not exist here.  As such, Atkinson is inapposite.

2

Accordingly, Plaintiff's constructive discharge claim fails.

### B.     Plaintiff Fails to State a Claim for Relief under the NYSHRL or NYCHRL

A Plaintiff "must specifically allege the events claimed to constitute intentional discrimination as well as circumstances giving rise to a plausible inference" of discriminatory intent.  See Andrews v. Citigroup Inc., 1999 U.S. Dist. LEXIS 19955 (S.D.N.Y. Dec. 30, 1999). Bare assertions of discrimination, without more, are insufficient to state a claim of discrimination. Id. at *9.  It is not enough for a plaintiff to state that she is merely in a protected class and thus the defendant's actions were discriminatory.  See Horne v. Buffalo Police Benevolent Ass'n, 2010 U.S. Dist. LEXIS 53152 (W.D.N.Y. May 25, 2010).

Indeed, this "common (and patently defective) pleading technique in cases brought under federal and local antidiscrimination statutes: I am (fill in the protected class of which the plaintiff is a member); something bad happened to me at work; therefore the bad thing happened because I am (fill in the protected class) … is a false syllogism, one that does not support any inference of discrimination."  See Ochei v. Mary Manning Walsh Nursing Home Co., 2011 U.S. Dist. LEXIS 20542 *6 (S.D.N.Y. Mar. 1, 2011) (dismissing *pro se* discrimination complaint that contained nothing but bald assertion that he was a member of a protected class, and the people who made decisions about his employment were not).

Thus, courts routinely dismiss discrimination claims that contain bare assertions of discrimination, false syllogisms, or a plaintiff's mere belief.  See Lizardo v. Denny's, Inc., 270 F.3d 94, 104 (2d Cir. 2001) ("Plaintiffs have done little more than cite to their mistreatment and ask the court to conclude that it must have been related to their race. This is not sufficient."); Idlisan v. New York City Health & Hosps. Corp., 2013 U.S. Dist. LEXIS 163151 (S.D.N.Y. Nov. 15, 2013) (dismissing discrimination claim where plaintiff merely expressed his own personal

3

belief, in a conclusory manner, that the employer's decision not to hire him was based on his disability); Shub v. Westchester Cmty. College, 556 F. Supp. 2d 227, 255 (S.D.N.Y. 2008) (Plaintiffs' conclusory allegation that age must have been a motivating factor because two other retired professors in the protected age group were removed from the priority list was unsupported by any actual evidence of discriminatory motive, and was therefore insufficient to defeat summary judgment); Banks v. Corr. Servs. Corp., 475 F. Supp. 2d 189 (E.D.N.Y. 2007) (dismissing race discrimination claim where plaintiff alleged only that upon information and belief he was replaced by a white male, but otherwise provided no indication that his race played a role in his termination); Paddock v. SUNY Brockport, 418 F. Supp. 2d 288, 294 (W.D.N.Y. 2006) (granting employer's motion for summary judgment where plaintiff's evidence consisted solely of his own conclusory assumption that his race must have been the reason for his termination); Zolondek v. Worldwide Flight Servs., 2006 U.S. Dist. LEXIS 95711 (E.D.N.Y. Aug. 28, 2006) (dismissing discrimination complaint that described numerous events based on plaintiff's "feelings" because a plaintiff's speculations, generalities and gut feelings do not allow for an inference of discrimination).

Further, Plaintiff argues that she repeatedly requested that she be permitted to work remotely. However, the complaint indicates that she made only one request. See Compl. ¶ 62.

Plaintiff also argues that Kilberg's comments are discriminatory on their face. However, none of the comments have any relation to Plaintiff's protected class. In such circumstances, courts have held that such allegations are insufficient to state a claim for relief. See Williams v. Victoria's Secret, 2017 WL 384787, at *8 (S.D.N.Y. Jan. 27, 2017) ("Plaintiff does not "provide any allegations that would justify an inference that [these] facially neutral comments were actually related to [her] protected characteristics") (alterations omitted) (quoting Opoku v. Brega, 2016 WL 5720807, at *8 (S.D.N.Y. Sept. 30, 2016)).

In support of her hostile work environment claims, Plaintiff argues that Defendants' defense that the conduct complained of amounts to petty slights and trivial inconveniences is more appropriate for summary judgment. However, courts routinely consider whether the conduct, as pled, amounts to petty slights and trivial inconveniences on a motion to dismiss for failure to state a claim. See Ndongo v. Bank of China Ltd., No. 22-CV-05896 (RA), 2023 WL 2215261, at *8 (S.D.N.Y. Feb. 24, 2023) ("she must still plead that these actions were taken 'because of' her protected characteristics. N.Y. Exec. Law § 296(1)(h). As discussed, beyond conclusory allegations, Plaintiff offers no specific factual matter that could raise a plausible inference of discriminatory animus") (citing Berrie v. Bd. of Educ. of Port Chester-Rye Union Free Sch. Dist., 750 Fed. Appx. 41, 48 (2d Cir. 2018) (quoting Alfano v. Costello, 294 F.3d 365, 378 (2d Cir. 2002)) ("Although 'facially neutral incidents may be included' in evaluating [a hostile work environment claim,] there must be 'some circumstantial or other basis for inferring that incidents race-neutral on their face were in fact discriminatory'")).

Plaintiff also argues that one incident is enough to constitute a hostile work environment. However, the case she relies on for that proposition is inapposite because, there, the plaintiff rested her hostile work environment claim on one incident in which a defendant entered her cubicle and grabbed her from behind, squeezed her, and pressed his cheek to her cheek for more than ten seconds, such that the plaintiff characterized his action as a "sexually forceful grope" that "sexually violat[ed]" and "physically threaten[ed]" her. See Batten v. Global Contract Servs., 2018 U.S. Dist. LEXIS 105327, at 14 (E.D.N.Y. 2018). This is far from the conduct alleged by the Plaintiff in this case, where the only physical contact pled is where Kilberg allegedly placed his hand on Plaintiff's in moving the mouse while performing work, and falls in line with contact that might be expected among friendly coworkers. Id. Thus, Batten is inapposite.

Plaintiff further argues that the events complained of constitute *constant* harassment, but the pleadings fail to evince such a notion. Indeed, to decide whether the threshold has been reached, courts examine the case-specific circumstances in their totality and evaluate the severity, frequency, and degree of the abuse. See Harris v. Forklift Sys., Inc., 510 U.S. 17, 23 (1993) (relevant factors include "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance"); see also Cruz v. Coach Stores, Inc., 202 F.3d 560, 570 (2d Cir. 2000); Romano v. A360 Media, LLC, No. 1:20-CIV.-8988 (LTS) (OTW), 2023 WL 348459, at *8 (S.D.N.Y. Jan. 20, 2023) ("Isolated incidents of unwelcome verbal and physical conduct have been found to constitute the type of 'petty slights and trivial inconveniences' that are not actionable even under the more liberal NYCHRL standard").

With this standard in mind, initially, it should be noted that Plaintiff's complaint is littered with allegations without any temporal markers. Courts routinely dismiss cases that fail to provide some temporal markers for such allegations. See Porter v. Half Hollow Hills Cent. School Dist., No. 17-CIV.-5006 (SJF) (ARL), 2019 WL 4696384, at *6 (E.D.N.Y. Sep. 26, 2019) ("Without temporal markers, the alleged incidents appear as isolated events and not part of a continuous effort of any sort … the circumstances around her reassignment also lack factual context. The amended complaint fails to allege facts sufficient to state a plausible hostile work environment claim"); see also Sloth v. Constellation Brands, Inc., 883 F. Supp. 2d 359, 372 (W.D.N.Y. 2012) ("Plaintiff fails to allege when this discrimination allegedly occurred, or how she was treated differently or worse than non–Filipino employees. Accordingly, I find that plaintiff has failed to state a claim for racial discrimination").

6

Moreover, cases with far more severe allegations than those pled here have been deemed not to constitute a hostile work environment. See Perry v. Slensby, 815 Fed. Appx. 608, 611 (2d Cir. 2020) (unpublished) ("Given that the physical contact was minor and, as discussed below, Slensby's conduct and statements occurred in a workplace characterized by a degree of vulgarity, the booking-room incident was not so severe as to rise to this level") (citing, e.g., Vito v. Bausch & Lomb Inc., 403 Fed. Appx. 593, 596 (2d Cir. 2010) (summary order) (affirming dismissal of hostile work environment claim which included several instances of a supervisor touching an employee's shoulders as well as other instances of the supervisor touching, inter alia, the employee's "back and side"); see also Mills v. S. Connecticut State U., 519 Fed. Appx. 73, 75 (2d Cir. 2013) (unpublished) (finding that a hug, dismissive and physically intimidating behavior, the fact that plaintiff was shunned by various male faculty members, and that a defendant displayed anger on several occasions that purportedly frightened her was insufficient to support a finding that her workplace so severely permeated with discriminatory intimidation, ridicule, and insult that the terms of her employment were thereby altered to support a hostile work environment claim).

Based on the foregoing, Plaintiff's hostile work environment claims fail to state a claim for relief.

**C.      Kilberg Adopts & Incorporates by Reference the Corporate Defendant's Reply Papers**

Kilberg respectfully adopts and incorporates by reference adMarketplace, Inc's anticipated reply papers in further support of its motion to dismiss. See Viens v. Am. Empire Surplus Line Ins. Co., No. 3:14-CV-952 (JBA), 2015 WL 3796230, at *2 (D. Conn. June 18, 2015). Such incorporation by reference has been recognized and accepted in this District. See Jewish People for the Betterment of Westhampton Beach v. Vil. of Westhampton Beach, No. 2:12-CV-3760 (LDW), 2013 WL 11322083, at *1 (E.D.N.Y. May 21, 2013), aff'd, 778 F.3d 390 (2d Cir. 2015).

The arguments raised therein should apply equally to Kilberg.

## **CONCLUSION**

The Plaintiff fails to plead the second, third, and fourth elements of a *prima facie* case of discrimination. Therefore, both the NYSHRL and NYCHRL claims against Kilberg must be dismissed.

Dated: Jamaica, New York
August 27, 2024

**SAGE LEGAL LLC**

 /s/ Emanuel Kataev, Esq.
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Defendant*
*Eugene Kilberg*

**VIA ECF**
Phillips & Associates, Attorneys at Law, PLLC
Attn: Melissa Vo, Esq.
45 Broadway, Suite 430
New York, NY 10006-3007
mvo@tpglaws.com

*Attorneys for Plaintiff*
*Alexandra Noh*

**VIA ECF**
Morgan, Lewis & Bockius LLP
Attn: Melissa C. Rodriguez, Esq.
101 Park Avenue
New York, NY 10178-0060
melissa.rodriguez@morganlewis.com

*Attorneys for Defendant*
*adMarketplace, Inc.*