**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, New York 10178
(212) 309-6000
Attorneys for adMarketplace

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
::
ALEXANDRA NOH, :
:
     Plaintiff, :
:
  -against- : Case No. 24-cv-02107 (ER)
:
:
ADMARKETPLACE, INC.; EUGENE KILBERG :
:
:
     Defendants. :
:
---------------------------------------------------------------x

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ADMARKETPLACE'S MOTION TO DISMISS THE COMPLAINT

                                   MORGAN, LEWIS & BOCKIUS LLP

                                   Melissa C. Rodriguez
                                   Maria Fernanda DeCastro
                                   101 Park Avenue
                                   New York, New York 10178
                                   Tel.:  (212) 309-6000
                                   Fax:  (212) 309-6001

                                   *Attorneys for Defendant adMarketplace*

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ...................................................................................................II

ARGUMENT .................................................................................................................................. 1

    I.    PLAINTIFF STILL FAILS TO ALLEGE A CONSTRUCTIVE DISCHARGE.................................................................................................................. 1

    II.    PLAINTIFF DOES NOT PLAUSIBLY ALLEGE DISCRIMINATION. ............. 4

    III.    PLAINTIFF'S HOSTILE WORK ENVIRONMENT CLAIM FAILS................. 7

    IV.    PLAINTIFF HAS NOT PLED A §1981 CLAIM. ................................................ 9

    V.    PLAINTIFF'S VICARIOUS LIABILITY ARGUMENT IS NONSENSICAL........................................................................................................ 10

CONCLUSION............................................................................................................................ 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Acosta v. City of New York*,
    No. 11 CIV. 856 (KBF), 2012 WL 1506954 (S.D.N.Y. Apr. 26, 2012) ...................................4

*Anderson v. Conboy*,
    156 F.3d 167 (2d Cir. 1998)......................................................................................................9

*Atkinson v. Singh,*
    2022 U.S. Dist. LEXIS 8203 (S.D.N.Y. Jan. 14, 2022)............................................................2

*City of Syracuse v. Onondaga County*,
    464 F.3d 297 (2d Cir. 2006)....................................................................................................10

*Comcast Corp. v. Nat'l. Assn. of Afr. Am. Owned Media*,
    140 S. Ct. 1009 (2020)..............................................................................................................9

*Cooper v. Wyeth Ayerst Lederle*,
    106 F. Supp. 2d 479 (S.D.N.Y. 2000).......................................................................................1

*Cowan v. City of Mount Vernon*,
    No. 14-cv-8871 (KMK), 2017 WL 1169667 (S.D.N.Y. Mar. 28, 2017)...................................7

*Edwards v. N.Y. State Unified Court Sys.*,
    No. 12 CIV 46 (WHP), 2012 WL 6101984 (S.D.N.Y. Nov. 20, 2012).....................................6

*Fincher v. Depository Tr. & Clearing Corp.*,
    604 F.3d 712 (2d Cir. 2010)......................................................................................................5

*Gray v. York Newspapers, Inc.*,
    957 F.2d 1070 (3d Cir. 1992)....................................................................................................1

*Ikedilo v. Statter*,
    No. 19-CV-9967 (RA), 2020 WL 5849049 (S.D.N.Y. Sept. 30, 2020) ..................................10

*Lerner v. Forster*,
    240 F. Supp. 2d 233 (E.D.N.Y. 2003) ......................................................................................9

*Littlejohn v. City of New York*,
    795 F.3d 297 (2015)..............................................................................................................4, 10

*Murray-Dahnir v. Loews Corp.*,
    No. 98 CIV. 9051 (LMM), 2000 WL 1119094 (S.D.N.Y. Aug. 8, 2000)................................3

*Ndongo v. Bank of China Ltd.*,
    No. 22-cv-05896 (RA), 2023 WL 2215261 (S.D.N.Y. Feb. 24, 2023) ......................................7

*Nunez v. N.Y. State Dep't of Corr. & Cmty. Supervision*,
    No. 14-CV-6647 (JMF), 2015 WL 4605684 (S.D.N.Y. July 31, 2015) ....................................5

*Scott v. YSB Servs. Inc.*,
    No. 21-CV-7711 (VSB), 2024 WL 1330043 (S.D.N.Y. Mar. 28, 2024)................................10

*Shankar v. Ankura Consulting Grp., LLC*,
    No. 20 Civ. 07463 (ALC), 2021 U.S. Dist. LEXIS 151098 (S.D.N.Y. Aug. 11,
    2021) ......................................................................................................................................6

*Shultz v. Congregation Shearith Israel of N.Y.*,
    867 F.3d 298 (2d Cir. 2017)................................................................................................1, 4

*Springs v. City of New York*,
    No. 19-cv-11555-AKH, 2020 WL 3488893 (S.D.N.Y. June 26, 2020) ..............................7, 8

*Whidbee v. Garzarelli Food Specialties, Inc.*,
    223 F.3d 62 (2d Cir. 2000)......................................................................................................4

## PRELIMINARY STATEMENT

adMarketplace[1] showed that Plaintiff failed to state plausible constructive discharge, discrimination, or hostile work environment claims. Like her Complaint, Plaintiff's Opposition ("Opposition" or "Opp.") is replete with sweeping generalizations but lacks in factual allegations to plausibly support her claims. The Complaint should be dismissed in its entirety with prejudice.[2]

## ARGUMENT

### I. PLAINTIFF STILL FAILS TO ALLEGE A CONSTRUCTIVE DISCHARGE.

As adMarketplace showed (Mot. 5-8), Plaintiff failed to allege that adMarketplace deliberately created work conditions so intolerable that any reasonable person in her position would have been compelled to resign – let alone that the conditions were created *because of* Plaintiff's race or gender.[3] Simply put, no reasonable person would quit her job merely because she was asked to return to the office – particularly since she does not allege that Kilberg remained employed after her report one month before she quit. *Shultz v. Congregation Shearith Israel of N.Y.*, 867 F.3d 298, 308 (2d Cir. 2017).

First, Plaintiff has failed to allege that her working conditions were so intolerable that a reasonable person would have felt compelled to resign. Plaintiff's subjective feelings are insufficient, as the law is clear that an "***employee's subjective interpretation*** that continued employment would be uncomfortable and demeaning […] ***does not constitute a constructive discharge***." *Cooper v. Wyeth Ayerst Lederle*, 106 F. Supp. 2d 479, 496 (S.D.N.Y. 2000) (emphasis added) (*citing Gray v. York Newspapers, Inc.*, 957 F.2d 1070 (3d Cir. 1992).

---

[1] All abbreviations and defined terms are ascribed the same meaning as in adMarketplace's moving brief ("Mot.).
[2] Plaintiff's request that she be given leave to amend should be denied, as she rejected Your Honor's offer to do so at the premotion conference and adMaketplace already expended resources in briefing of the instant Motion.
[3] Despite her retaliation allegations in her premotion letter (ECF No. 21), her Opposition, like her Complaint, is devoid of any retaliation allegation or argument. Any retaliation claim should be deemed abandoned and, in any event, fails for the reasons noted in the Mot and herein.

One of the critical deficiencies in Plaintiff's arguments with respect to the environment being objectively intolerable is that she does not and cannot allege that her purported fear of returning to the office was in connection to seeing Kilberg, the sole (alleged) harasser. Instead, Plaintiff relies on a misstatement of fact which is not supported even by her own allegations. In particular, Plaintiff asserts that "at all times relevant hereto, [Kilberg] had supervisory authority over Plaintiff," and that Kilberg "had the authority to hire, fire, affect the terms and conditions of Plaintiff's employment, or influence the decisionmaker of same." Opp. 2, 24. Those critical assertions imply that (1) Kilberg made the decision to have Plaintiff return to the office, (2) would still be her manager upon her return to the office, and (3) that this motivated her decision to resign. This implication, however, is not substantiated by Plaintiff's allegations. To substantiate a legal argument which rests upon Kilberg having supervisory authority over her *as of the moment she resigned* – including the authority to require her to return to the office – Plaintiff should be required to at least allege facts that Kilberg remained employed by adMarketplace after she complained about him and as of her resignation. Plaintiff has not made - and cannot make - such allegations.

Also, Plaintiff's theory about the office being intolerable, but remote work being tolerable, does not make sense. Plaintiff worked in the office for two months and then, like every other adMarketplace employee, worked remotely for some time. Opp. 4, *citing* Compl. ¶ 36. Plaintiff claims that Kilberg's harassment continued and worsened while working remotely. That leaves Plaintiff's allegations with two critical deficiencies related to her assertion that adMarketplace's request that she return to the office was intolerable: (1) Plaintiff does not (and cannot) allege that she had any further contact with Kilberg after she reported him;[4] and (2) Plaintiff does not allege

---

[4] The case that Plaintiff cites in support of her constructive discharge argument is easily distinguishable. In *Atkinson v. Singh*, Plaintiffs were subjected to regularly occurring reprimands about trivial matters and comments about their gender that included gendered epithets such as "cunt" and "bitch." No. 19-cv- 3779 (VSB), 2022 U.S. Dist. LEXIS 8203, at *40 (S.D.N.Y. Jan. 14, 2022).

2

that adMarketplace's communication to her that she was expected to return to the office was unique to her (as opposed to a company-wide expectation of its employees after the Omnicron variant of COVID-19 had subsided) or only happened after/because she complained about Kilberg. Being treated the same as other employees, after Kilberg was no longer employed by adMarketplace, is not a situation which would have made a reasonable person feel compelled to resign.

Second, missing from Plaintiff's Opposition and Complaint, and therefore fatal to her constructive discharge claim, is any allegation that anything was done as "part of a campaign to force [Plaintiff] to resign" *because* of her race or gender. *Murray-Dahnir v. Loews Corp.*, No. 98 CIV. 9051 (LMM), 2000 WL 1119094, at *2 (S.D.N.Y. Aug. 8, 2000). Plaintiff does not allege that anyone at adMarketplace, other than Kilberg, ever said or did anything to her related to her gender or race. Plaintiff also does not allege (nor could she) that Kilberg made the decision that she (as other employees) should return to the office. Nor does Plaintiff allege that other employees were allowed to work from home in contrast to her - let alone any employees outside of her gender or race being allowed such an arrangement. Instead, she relies on a conclusory reference to "the neglect and insufficient response to her reports of discrimination and sexual harassment," and the groundless statement that "the Court can also infer that Defendant adMarketplace's inaction to Plaintiff's complaint to alleviate the effects of sexual harassment also occurred because Plaintiff is a female." Opp. 7, 13. The absence of the individual responsible for the conduct she complained of, Kilberg, from the office cannot be so cavalierly disregarded as "neglectful" or "insufficient" to the report she raised in March 2022 – let alone a basis to "infer" a gender-based motive. Plaintiff has pled no facts from which to infer that adMarketplace took any action against her, including in its decision to ask her (like other employees) to return to the office, because of her race or gender. This alone necessitates the dismissal her constructive discharge claim.

3

Finally, as Plaintiff acknowledges a constructive discharge *only* occurs when an employer intentionally "creates an intolerable environment that force[d] the employee to resign." *Shultz,* 867 F.3d at 308 (citation omitted); Opp. 8.  While Plaintiff attempts to frame adMarketplace's request to return to the office as an intentional act aimed at forcing her to resign, Plaintiff's Complaint actually alleges is that she resigned "due to neglect and insufficient response" to her report about Kilberg (Compl. ¶ 64), which insufficient as a matter of law to state a plausible constructive discharge claim.  *See Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 74 (2d Cir. 2000) (noting that constructive discharge "something beyond mere negligence or ineffectiveness.")

## II. PLAINTIFF DOES NOT PLAUSIBLY ALLEGE DISCRIMINATION.

adMarketplace demonstrated (Mot. 12-15) that Plaintiff's race and gender discrimination claims fail because she has not alleged that any alleged adverse employment action is actually adverse or any facts that such actions were motivated by a discriminatory intent.  *Acosta v. City of New York*, No. 11 CIV. 856 (KBF), 2012 WL 1506954, at *4 (S.D.N.Y. Apr. 26, 2012).  In her Opposition, Plaintiff relies heavily on *Littlejohn v. City of New York*, 795 F.3d 297 (2015), which is easily distinguished.  In *Littlejohn*, the Court found that the plaintiff sufficiently alleged a claim of discrimination where she pled *facts* regarding the nature of the discrimination, including:

> "[That her supervisor] increased [plaintiff's] reporting schedule from an as-needed basis…to twice-weekly; wrongfully and unnecessar[il]y reprimand[ed] [plaintiff];…held her head in disbelief, got red in the face, used harsh tones, removed [plaintiff's] name from the regularly scheduled management meeting lists; refused to meet with [plaintiff] face-to-face, diminished [plaintiff's] duties and responsibilities as EEO Director; changed meetings that were supposed to be scheduled as in person bi-monthly meetings to twice a week over the phone discussions with [plaintiff]; and replaced [plaintiff] at management meetings with [her] white male subordinate." *Id*. at 303.

Here, in stark contrast, Plaintiff's Complaint is devoid of any such facts. Plaintiff's work responsibilities were never diminished, she was never excluded from any meetings, nor was she ever replaced at any meetings with people outside of her protected characteristics.

Plaintiff's Opposition also does not explain in anyway why the actions she complains of are "adverse actions" within the meaning of the law.[5] Instead, Plaintiff generally states the adverse actions to be "sexual harassment, denying her request to work remotely, and constructive discharge." Opp. 12.[6] Plaintiff does not connect the only plausible adverse actions she complains of (the alleged work from home denial and constructive discharge) to any discriminatory intent. As noted above, Plaintiff has failed to allege that Kilberg was in any way involved in either action, and does not plead race or gender-based comments by anyone other than Kilberg.

Moreover, Plaintiff's assertion that "the Complaint sufficiently alleges that members of the opposite sex were not exposed to such disadvantageous terms of conditions of employment" (Opp. 13), is not substantiated by a citation to anything in her Complaint alleging that members outside her protected categories were permitted to work from home indefinitely. While Plaintiff argues "her complaints of sexual harassment and assault weren't taken seriously because she is an Asian female in the workplace" that is not adverse employment action[7] and Plaintiff does not identify a non-Asian/male who was treated differently. Moreover, Plaintiff's allegation that "[b]ut for the fact that Plaintiff is a female and of Asian descent, Defendants would not have treated her

---

[5] Plaintiff provides no legal support for the proposition that sexual harassment alone is an adverse employment action. Quite the opposite, harassment is separate cause of action, addressed below.

[6] Plaintiff seems to have abandoned her claims about alleged "berating," not having a meeting and not getting a backpack, which are not adverse employment actions in any event. Mot. 14-15.

[7] "[T]he Second Circuit has held that a complete 'failure to investigate a complaint of discrimination cannot be considered an adverse employment action' for the purposes of a retaliation claim." *Nunez v. N.Y. State Dep't of Corr. & Cmty. Supervision*, No. 14-CV-6647 (JMF), 2015 WL 4605684, at *17 (S.D.N.Y. July 31, 2015) (quoting *Fincher v. Depository Tr. & Clearing Corp.*, 604 F.3d 712, 721 (2d Cir. 2010)). Thus, "[i]f a failure to investigate does not qualify as an adverse employment action under Title VII's broader definition of the term for retaliation claims, such failure plainly does not qualify under the stricter definition for discrimination claims." *Id.*

5

differently" (Compl. ¶ 69) is not a fact but instead a mere conclusory argument, which is insufficient to plausibly allege discrimination. *Edwards v. N.Y. State Unified Court Sys.*, No. 12 CIV 46 (WHP), 2012 WL 6101984, at *5 (S.D.N.Y. Nov. 20, 2012) (plaintiff must do more than allege the familiar faulty syllogism: something bad happened to me at work; I am (fill in the blank with one or more protected categories); therefore it must have happened because I am (fill in the blank with the applicable protected categories."). In short, Plaintiff does not put forward a single fact showing that an adverse employment action was made because of her race or gender. *See Shankar v. Ankura Consulting Grp., LLC*, No. 20 Civ. 07463 (ALC), 2021 U.S. Dist. LEXIS 151098, at *15–18 (S.D.N.Y. Aug. 11, 2021) (dismissing a discrimination complaint that lacked allegations connecting plaintiff's race to her termination).

With respect to her NYCHRL claim, Plaintiff argues that adMarketplace's arguments run to the "merits of the allegations, not their sufficiency" at the motion to dismiss stage. Plaintiff misses the point. adMarketplace's argument is that her allegations, as pled, do not sufficiently tie any complained about employment action to her race or gender. Plaintiff's Complaint is devoid of any fact showing that the denial of her request to work from home was based on her gender or race. Instead, Plaintiff references a conclusory allegation that she had "previously been granted the ability to work from home indefinitely." Compl. ¶ 62; Opp. 7, 8, 10, 12-13. If this purported "previous grant of the ability to work from home indefinitely" is such a central part of Plaintiff's case against adMarketplace, then at the least Plaintiff should be required to provide details about when this "ability to work from home indefinitely" was granted, by whom, for what reason, and under what conditions. Allegations as serious as those made by Plaintiff should not be permitted to survive on such a conclusory statement, particularly absent any details about what in her pleadings plausibly alleges that she was treated less well due to her race or gender.

**III.     PLAINTIFF'S HOSTILE WORK ENVIRONMENT CLAIM FAILS.[8]**

Plaintiff's Opposition does not salvage her hostile work environment claims. Plaintiff relies on unrelated, one-off actions and comments made over the span of several months that do not reach the level of severity necessary to establish a hostile work environment claim. And Plaintiff does not even address, let alone rebut, the multiple cases cited by adMarketplace holding that episodic stray actions as alleged here are not sufficiently severe or pervasive to establish a hostile work environment claim. Mot. 18-19.[9]

While Plaintiff argues in her Opposition that Kilberg's actions are sufficiently severe for her Title VII claims,[10] she purposefully omits specifics regarding the alleged actions and comments including the context, dates, and frequency with which the comments were purportedly made. This is because the allegations –taken separately or together –are at most non-actionable, sporadic, stray remarks that have no nexus to her race or sex and are not severe or pervasive. *Cowan v. City of Mount Vernon*, No. 14-cv-8871 (KMK), 2017 WL 1169667, at *5 (S.D.N.Y. Mar. 28, 2017) (dismissing hostile work environment claims where complaint alleged comments about plaintiff's body and requests for sex but was "devoid of any allegations regarding the frequency or severity of such occurrences").

Instead of providing specifics about her pled allegations, Plaintiff colors her thin claims as more severe than pled. For example, Plaintiff's Opposition claims that "Kilberg routinely [forced]

---

[8] Plaintiff is incorrect that adMarketplace did not challenge Plaintiff's race based NYCHRL hostile work environment claim. *See* Opp., FN 4. adMarketplace did move to dismiss that claim. Mot. 16-19.

[9] Contrary to Plaintiff's assertions, cases are dismissed at the motion to dismiss stage for failing to allege conduct that does not rise above what are petty slights or trivial inconveniences. *See Springs v. City of New York*, No. 19-cv-11555-AKH, 2020 WL 3488893, at *8 (S.D.N.Y. June 26, 2020) (dismissing NYSHRL and NYCHRL hostile work environment claims at the motion to dismiss stage); *Ndongo v. Bank of China Ltd.*, No. 22-cv-05896 (RA), 2023 WL 2215261, at *8-9 (S.D.N.Y. Feb. 24, 2023) (same).

[10] Although Plaintiff submitted a declaration that included her EEOC Charge, she did not include the Right to Sue Letter nor otherwise respond the chronology revealed by the EEOC's records. Mot. at 5. adMarketplace reserves any defense and arguments concerning the issue of when Plaintiff received the Right to Sue Letter. *Id.*

his body on top of hers while doing work," but the Complaint does allege any such conduct. *See* Opp. 20. The sole touching alleged in Plaintiff's Complaint is Kilberg placing his hand over Plaintiff's hand to move her computer mouse. Compl. ¶ 19. Similarly, Plaintiff overstates Kilberg's comments, arguing that Kilberg "made verbal sexually charged statements." Opp. 20. Tellingly, Plaintiff does not provide concrete examples about these supposed "sexually charged" comments. That is because the Complaint does not actually plead any "sexually charged" comments made by Kilberg. When the Complaint is assessed for what it actually pleads, the allegations are not of "such quality or quantity that a reasonable employee would find the conditions of her employment altered for the worse." *Id.* Plaintiff herself admits that her working conditions for the four months of remote work leading up to her resignation were "a tolerable work environment." *Id.* at 8.

Plaintiff has also failed to show that her NYSHRL and NYCHRL hostile work environment claims should survive. The only comparator that the Complaint mentions is David Noboa and when the specifics of Plaintiff's comparison to him are assessed what Plaintiff complains of are petty slights. Plaintiff complains that David Noboa was treated differently than her in that (1) Kilberg did not tell him he was a "good girl," (2) did not ask him if it was "her time of the month," (3) gave him a backpack, (4) did not approach him for a 1-on-1 meeting on one occasion, and (5) did not stand close to him. Compl. ¶¶ 22, 29, 31, 35, 50. These minor slights are insufficient to plausibly allege a hostile work environment. *See Springs v. City of New York,* 2020 WL 3488893, at *8 (dismissing NYSHRL and NYCHRL hostile work environment claims, because colleagues (i) questioning African American male plaintiff about the texture of his hair and (ii) cooking a meal "in the same pan used to cook bacon even though they had full knowledge that [plaintiff] is

Muslim and therefore unable to eat pork or cook with pork" are both "classic examples of petty slights or trivial inconveniences") (internal quotation omitted).

### IV. PLAINTIFF HAS NOT PLED A §1981 CLAIM.[11]

The fact that Plaintiff spends most of her Opposition arguing that she has sufficiently pled a Section 1981 (Opp. 9-11, 16-17) claim is telling: in fact, her Complaint pleads no such claim.[12] *See* Compl. Her attempt to interject such a claim now should be rejected. *Lerner v. Forster*, 240 F. Supp. 2d 233, 241 (E.D.N.Y. 2003) ("New claims not specifically asserted in the complaint may not be considered by courts when deciding a motion to dismiss."). In any event, any such claim fails because, to bring a Section 1981 claim, Plaintiff "must *initially plead* and ultimately prove that, *but for race,* [she] would not have suffered the loss of a legally protected right," not just that race played "some role" in the decision-making process. *Comcast Corp. v. Nat'l. Assn. of Afr. Am. Owned Media,* 140 S. Ct. 1009, 1013, 1019 (2020). As explained above, Plaintiff fails to allege facts to support an inference that adMarketplace's actions were motivated by race-based discrimination under Title VII, NYSHRL, or NYCHRL. Therefore, she has not pled facts that demonstrates that "but for" her race the employment actions that she challenges would not have been taken.

Plaintiff's argument that she pled "numerous incidents of racially charged statements" is patently false. Opp. 17. Plaintiff pleads **only one** race-based comment in her Complaint: "Lexy, your figure is so different from the Asian girls I've dated." Compl. ¶ 24.[13] That single race-based

---

[11] Although Plaintiff intertwines her gender into sections related to her Section 1981 claim, Section 1981 "does not prohibit discrimination on the basis of gender." *Anderson v. Conboy*, 156 F.3d 167, 170 (2d Cir. 1998).
[12] Plaintiff also did not mention any Section 1981 claim in her premotion letter or at the premotion conference.
[13] Plaintiff's own allegations weigh against her claim that her race was the "but for" cause of the discrimination she complains of because most of her allegations are gender-based.

9

comment, not tied to any alleged adverse action,[14] is woefully short of what is necessary to plausibly allege a claim under Section 1981. *Ikedilo v. Statter*, No. 19-CV-9967 (RA), 2020 WL 5849049, at *9 (S.D.N.Y. Sept. 30, 2020) (dismissing § 1981 race discrimination claim where "Plaintiff fail[ed] to plausibly allege any connection between her race and Defendant Statter's delay in sending her evaluation summary—much less that her race was the 'but for' cause of the delay"); *Littlejohn*, 795 F.3d at 320-21 (dismissing § 1981 hostile work environment claim)).

## V. PLAINTIFF'S VICARIOUS LIABILITY ARGUMENT IS NONSENSICAL.

Plaintiff's argument regarding adMarketplace's supposed failure to address her vicarious liability claim (Opp. 23-24) is nonsensical. The premise of adMarketplace's motion to dismiss is that Plaintiff has failed to sufficiently plead the underlying claims for which she seeks to hold adMarketplace vicariously liable. Because Plaintiff's underlying claims fail, so do her vicarious liability claims. *Scott v. YSB Servs. Inc.,* No. 21-CV-7711 (VSB), 2024 WL 1330043, at *9 (S.D.N.Y. Mar. 28, 2024) ("It is well-established that the NYCHRL employer liability provision does not create a substantive cause of action."). As such, Plaintiff's argument that adMarketplace somehow waived this argument must be rejected.[15]

## CONCLUSION

For the foregoing reasons and those set forth in its moving papers, adMarketplace respectfully request that the Court grant its Motion to Dismiss, together with such other and further relief as this Court deems appropriate.

---

[14] Plaintiff's claim that she "has alleged that none of her similarly situated non-Asian…colleagues were subjected to the same adverse actions" is false. (*see* Opp. 10). Nowhere in her Complaint does Plaintiff mention the race or national origin of any colleague. *See generally* Compl.

[15] Any argument that adMarketplace waived a defense of lack of vicarious liability by not raising it in its moving papers is not supported by law. The case that Plaintiff cites in support of her waiver argument, *City of Syracuse v. Onondaga County*, 464 F.3d 297, 308 (2d Cir. 2006), is inapposite. There, the Circuit did not consider an argument that was not sufficiently argued in briefing on appeal. *Id.* Nothing in *City of Syracuse v. Onondaga County* supports an argument that not raising a defense of lack of vicarious liability at the motion to dismiss stage constitutes a waiver of that argument should Plaintiff's underlying claims not be dismissed. *See generally id.*

| | |
|---|---|
| Dated: New York, New York<br>August 27, 2024 | Respectfully submitted,<br><br>MORGAN, LEWIS & BOCKIUS LLP<br><br>By: */s/ Melissa C. Rodriguez*<br>Melissa C. Rodriguez<br>Maria Fernanda DeCastro<br>101 Park Avenue<br>New York, New York 10178<br>Tel.: (212) 309-6000<br>Fax: (212) 309-6001<br>Attorneys for adMarketplace |