UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ALEXANDRA NOH,

                             Plaintiff,

      - against –

ADMARKETPLACE, INC., and EUGENE KILBERG,

                         Defendants.
-------------------------------------------------------------------X

Case No.: 1:24-cv-02107 (ER) (SLC)

**ANSWER BY DEFENDANT EUGENE KILBERG WTH CROSS-CLAIMS AGAINST DEFENDANT <u>ADMARKETPLACE, INC.</u>**

Defendant Eugene Kilberg (hereinafter "Defendant"), by and through his attorneys, Sage Legal LLC, answers the Complaint of Plaintiff Alexandra Noh (hereinafter "Plaintiff"), as follows:

## <u>AS TO "NATURE OF THE CASE"</u>

1.     Defendant admits Plaintiff makes certain allegations about the basis of her claims, but denies allegations in ¶ 1 of the Complaint that Defendant sexually harassed or degraded Plaintiff.

2.     Defendant admits that Plaintiff complains and seeks damages pursuant to federal and state statutes, but denies the allegations contained in ¶ 2 of the Complaint that Defendant sexually harassed, discriminated against the Plaintiff, or subjected her to a hostile workplace.

## <u>AS TO "JURISDICTION, VENUE, AND PROCEDURAL PREQUISITES"</u>

3.     No response is required to the allegations set forth in ¶ 3 of the Complaint to the extent they set forth legal conclusions. To the extent a response is required, Defendant denies the allegations set forth in ¶ 3 of the Complaint.

4.     No response is required to the allegations set forth in ¶ 4 of the Complaint to the extent they set forth legal conclusions. To the extent a response is required, Defendant denies the allegations set forth in ¶ 4 of the Complaint.

5.      No response is required to the allegations set forth in ¶ 5 of the Complaint to the extent they set forth legal conclusions. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's alleged injuries contained in ¶ 5 of the Complaint.

## AS TO "PARTIES"

6.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 6 of the Complaint.

7.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 7 of the Complaint.

8.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 8 of the Complaint.

9.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 9 of the Complaint.

10.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 10 of the Complaint.

11.      Defendant denies the truth of the allegations contained in ¶ 11 of the Complaint.

12.      Defendant denies the truth of the allegations contained in ¶ 12 of the Complaint.

13.      No response is required to the statement set forth in ¶ 13 of the Complaint.  To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's alleged injuries contained in ¶ 13 of the Complaint.

## AS TO "MATERIAL FACTS"

14.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 14 of the Complaint.

15.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 15 of the Complaint.

16.     Defendant denies the truth of the allegations contained in ¶ 16 of the Complaint.

17.     Defendant denies the truth of the allegations contained in ¶ 17 of the Complaint.

18.     Defendant denies the truth of the allegations contained in ¶ 18 of the Complaint.

19.     Defendant denies the truth of the allegations contained in ¶ 19 of the Complaint.

20.     Defendant denies the truth of the allegations contained in ¶ 20 of the Complaint.

21.     Defendant denies the truth of the allegations contained in ¶ 21 of the Complaint.

22.     Defendant denies the truth of the allegations contained in ¶ 22 of the Complaint.

23.     Defendant denies the truth of the allegations contained in ¶ 23 of the Complaint.

24.     Defendant denies the truth of the allegations contained in ¶ 24 of the Complaint.

25.     Defendant denies the truth of the allegations contained in ¶ 25 of the Complaint.

26.     Defendant denies the truth of the allegations contained in ¶ 26 of the Complaint.

27.     Defendant denies the truth of the allegations contained in ¶ 27 of the Complaint.

28.     Defendant denies the truth of the allegations contained in ¶ 28 of the Complaint.

29.     Defendant denies the truth of the allegations contained in ¶ 29 of the Complaint.

30.     Defendant denies the truth of the allegations contained in ¶ 30 of the Complaint.

31.     Defendant denies the truth of the allegations contained in ¶ 31 of the Complaint.

32.     Defendant denies the truth of the allegations contained in ¶ 32 of the Complaint.

33.     Defendant denies the truth of the allegations contained in ¶ 33 of the Complaint.

34.     Defendant denies the truth of the allegations contained in ¶ 34 of the Complaint.

35.     Defendant denies the truth of the allegations contained in ¶ 35 of the Complaint.

36.     Defendant denies the truth of the allegations contained in ¶ 36 of the Complaint.

37.     Defendant denies the truth of the allegations contained in ¶ 37 of the Complaint.

38.     Defendant denies the truth of the allegations contained in ¶ 38 of the Complaint.

39.     Defendant denies the truth of the allegations contained in ¶ 39 of the Complaint.

40.     Defendant denies the truth of the allegations contained in ¶ 40 of the Complaint.

41.     Defendant denies the truth of the allegations contained in ¶ 41 of the Complaint.

42.     Defendant denies the truth of the allegations contained in ¶ 42 of the Complaint.

43.     Defendant denies the truth of the allegations contained in ¶ 43 of the Complaint.

44.     Defendant denies the truth of the allegations contained in ¶ 44 of the Complaint.

45.     Defendant denies the truth of the allegations contained in ¶ 45 of the Complaint.

46.     Defendant denies the truth of the allegations contained in ¶ 46 of the Complaint.

47.     Defendant denies the truth of the allegations contained in ¶ 47 of the Complaint.

48.     Defendant denies the truth of the allegations contained in ¶ 48 of the Complaint.

49.     Defendant denies the truth of the allegations contained in ¶ 49 of the Complaint.

50.     Defendant denies the truth of the allegations contained in ¶ 50 of the Complaint.

51.     Defendant denies the truth of the allegations contained in ¶ 51 of the Complaint.

52.     Defendant denies the truth of the allegations contained in ¶ 52 of the Complaint.

53.     Defendant denies the truth of the allegations contained in ¶ 53 of the Complaint.

54.     Defendant denies the truth of the allegations contained in ¶ 54 of the Complaint.

55.     Defendant denies the truth of the allegations contained in ¶ 55 of the Complaint.

56.     Defendant denies the truth of the allegations contained in ¶ 56 of the Complaint.

57.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 57 of the Complaint.

58.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 58 of the Complaint.

59.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 59 of the Complaint.

60.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 60 of the Complaint.

61.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 61 of the Complaint.

62.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 62 of the Complaint.

63.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 63 of the Complaint.

64.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 64 of the Complaint concerning responses to Plaintiff's reports, but denies Defendant created a sexually harassing environment.

65.     Defendant denies the allegations contained in ¶ 65 of the Complaint in-so-far as they imply that Defendant discriminated against Plaintiff.

66.     Defendant denies the allegations contained in ¶ 66 of the Complaint pertaining to Defendant and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 66 of the Complaint pertaining to Admarketplace, Inc. ("Admarketplace").

67.    Defendant denies the allegations contained in ¶ 67 of the Complaint pertaining to Defendant and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 67 of the Complaint pertaining to Admarketplace.

68.    Defendant denies the truth of the allegations contained in ¶ 68 of the Complaint.

69.    Defendant denies the truth of the allegations contained in ¶ 69 of the Complaint.

70.    Defendant denies the truth of the allegations contained in ¶ 70 of the Complaint.

71.    Defendant denies the truth of the allegations contained in ¶ 71 of the Complaint.

72.    Defendant denies the truth of the allegations contained in ¶ 72 of the Complaint.

73.    Defendant denies the truth of the allegations contained in ¶ 73 of the Complaint.

74.    Defendant denies the truth of the allegations contained in ¶ 74 of the Complaint.

75.    Defendant denies the truth of the allegations contained in ¶ 75 of the Complaint.

76.    Defendant denies the truth of the allegations contained in ¶ 76 of the Complaint.

77.    Defendant denies the truth of the allegations contained in ¶ 77 of the Complaint.

78.    Defendant denies the truth of the allegations contained in ¶ 78 of the Complaint.

## AS TO "DISCRIMINATION UNDER TITLE VII (Not Against Individual Defendant)"

79.    Inasmuch as a response is required concerning the allegations contained in ¶ 79 of the Complaint, Defendants repeat and reassert each and every answer previously given as if set forth fully herein. Insomuch has the Court has construed Plaintiff to allege a hostile environment constructive discharge claim, that claim is dismissed. See ECF Docket Entry 33 at 13.

80.    No response is required to the allegations set forth in ¶ 80 of the Complaint to the extent they set forth legal conclusions. To the extent a response is required, Defendant denies the allegations set forth in ¶ 80 of the Complaint.

81.     No response is required to the allegations set forth in ¶ 81 of the Complaint to the extent they set forth legal conclusions. To the extent a response is required, Defendant denies the allegations set forth in ¶ 81 of the Complaint.

## AS TO "DISCRIMINATION UNDER THE NEW YORK STATE EXECUTIVE LAW"

82.     Inasmuch as a response is required concerning the allegations contained in ¶ 82 of the Complaint, Defendants repeat and reassert each and every answer previously given as if set forth fully herein.

83.     Defendant admits that ¶ 83 purports to contain Executive Law.

84.     No response is required to the allegations set forth in ¶ 84 of the Complaint to the extent they set forth legal conclusions. To the extent a response is required, Defendant denies the allegations set forth in ¶ 84 of the Complaint.

## AS TO "DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE"

85.     Inasmuch as a response is required concerning the allegations contained in ¶ 85 of the Complaint, Defendants repeat and reassert each and every answer previously given as if set forth fully herein.

86.     Defendant admits Plaintiff makes certain allegations about the basis of her claims, but denies allegations in ¶ 86 of the Complaint that Plaintiff is entitled to any relief thereunder.

87.     Defendant denies the truth of the allegations contained in ¶ 87 of the Complaint.

### AS TO "DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE VICARIOUS EMPLOYER LIABILITY (Against Defendant ADMARKETPLACE)"

88.    Inasmuch as a response is required concerning the allegations contained in ¶ 78 [sic] of the Complaint, Defendants repeat and reassert each and every answer previously given as if set forth fully herein.

89.    Defendant admits Plaintiff makes certain allegations about the basis of her claims, but denies allegations in ¶ 79 [*sic*] of the Complaint that Plaintiff is entitled to any relief thereunder.

90.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 80 [*sic*] of the Complaint.

91.    Defendant denies the allegations contained in ¶ 81 [sic] of the Complaint.

92.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 82 [*sic*] of the Complaint.

93.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 83 [sic] of the Complaint regarding Defendant Admarketplace's actions, but denies the allegations contained in ¶ 83 [*sic*] of the Complaint implying Defendant harassed or discriminated against Plaintiff.

94.    Defendant denies the allegations contained in ¶ 84 [sic] of the Complaint.

95.    No response is required to the allegations set forth in ¶ 85 [sic] of the Complaint to the extent they set forth legal conclusions. To the extent a response is required, Defendant denies the allegations set forth in ¶ 85 [sic] of the Complaint.

96.    Defendant denies the allegations set forth in ¶ 86 [sic] of the Complaint.

### JURY DEMAND

97.    Defendant respectfully demands a jury pursuant to Fed. R. Civ. P. 38.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

98.    The Complaint, and each cause of action therein, fails to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

99.    Plaintiff's claims for damages are barred, in whole or in part, by Plaintiff's failure to mitigate damages.

### THIRD AFFIRMATIVE DEFENSE

100.    Plaintiff asserts material factual allegations that are false, and based on the actual facts, there is no basis for the relief sought.

### FOURTH AFFIRMATIVE DEFENSE

101.    The claims set forth in the Complaint are barred, in whole or in part, by documentary evidence.

### FIFTH AFFIRMATIVE DEFENSE

102.    Defendant acted in good faith and did not directly or indirectly induce any acts that Plaintiff contends caused injury or damage.

### SIXTH AFFIRMATIVE DEFENSE

103.    Defendant has not engaged in discriminatory or harassing conduct towards Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

104.    Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

105.    Plaintiff's claims are barred, in whole or in part, in equity under the doctrines of unclean hands, laches, waiver, and/or estoppel.

## NINTH AFFIRMATIVE DEFENSE

106.    Plaintiff is not entitled to an award of any damages, including but not limited to costs and attorneys' fees.

## TENTH AFFIRMATIVE DEFENSE

107.    Plaintiff was not employed by each and every Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

108.    All actions taken by Defendants were taken for legitimate, non-discriminatory reasons. As such, Defendants did not violate any legal right possessed by Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

109.    Without conceding in any way to the allegations of the Complaint, at all times relevant to this action, Defendants have maintained and enforced policies prohibiting discrimination, has provided procedures through which employees can notify it of violations and/or perceived violations of these policies and has promptly investigated complaints of discrimination and have taken corrective action where appropriate. To the extent, if at all, Plaintiff experienced or perceived discrimination while allegedly in Defendants' employ, she failed to notify Defendants and unreasonably failed to avail herself of the preventive and corrective opportunities provided by Defendants. Alternatively, to the extent, if at all, Plaintiff notified Defendants of any discrimination and/or availed herself of the preventive and corrective opportunities provided to her, Defendants promptly investigated and, if and to the extent appropriate, took corrective action.

10

## THIRTEENTH AFFIRMATIVE DEFENSE

110.    Plaintiff fails to state a claim against Defendant upon which attorney fees or costs can be awarded.

## FOURTEENTH AFFIRMATIVE DEFENSE

111.    Any adverse employment action against Plaintiff was for legitimate nondiscriminatory reasons.

## FIFTEENTH AFFIRMATIVE DEFENSE

112.    To the extent that Plaintiff engaged in misconduct, prior to or during her employment which would have resulted in denial of her employment or in termination of her employment, had said acts or omissions been known to Defendants, any relief awarded should be reduced, in whole or in part, due to Plaintiff having engaged in such misconduct.

## SIXTEENTH AFFIRMATIVE DEFENSE

113.    Defendants deny that Plaintiff suffered any emotional distress as a result of actions taken by Defendants, and any emotional distress suffered by Plaintiff is attributable to causes wholly independent of Defendants' alleged actions.

## SEVENTEENTH AFFIRMATIVE DEFENSE

114.    The Court should not exercise supplemental jurisdiction of Plaintiff's state law claims.

## EIGHTEENTH AFFIRMATIVE DEFENSE

115.    Plaintiff's damages, if any, were not proximately caused by the acts or omissions of Defendants.

## NINTEENTH AFFIRMATIVE DEFENSE

116.    Plaintiff cannot establish that she suffered unwelcome harassment such that the workplace was permeated with discriminatory intimidation, ridicule, and insult; she was harassed because of her membership in a protected class; the harassment was sufficiently severe or pervasive to alter conditions of her employment and create an abusive work environment; and there is a specific basis of imputing the harassment to Defendants.

## TWENTIETH AFFIRMATIVE DEFENSE

117.    Plaintiff's claim for damages for emotional distress is barred by the exclusivity provisions of the New York State Workers' Compensation Law, §§ 10-11.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

118.    Plaintiff's claims are barred to the extent she petitioned for bankruptcy either under Chapter 7 or Chapter 13 of the United States bankruptcy code yet failed to disclose potential claims against Defendants as required under applicable bankruptcy laws.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

119.    To the extent Plaintiff failed to meet conditions precedent prior to asserting her Title VII claims and the United States Equal Employment Opportunity Commission ("EEOC") failed to attempt conciliation in violation of 42 U.S.C § 2000e–5, her claims are barred.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

120.    Plaintiff failed to provide a copy of her Complaint to the New York City Commission on Human Rights and Corporation Counsel in violation of NYC Administrative Code 8-502.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

121.    Plaintiff cannot establish that she was treated less well on account of her membership in a protected class.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

122.    Plaintiff welcomed the conduct she complains of.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

123.    Plaintiff's claims must be dismissed for failure to include necessary parties.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

124.    Defendant reserves his rights to assert additional affirmative defenses. Nothing herein shall be construed as a waiver of any of Defendant's rights to assert such additional defenses.

## AS AND FOR DEFENDANT'S CROSS-CLAIMS AGAINST ADMARKETPLACE

125.    Kilberg, by and through his attorneys, Sage Legal LLC ("Sage"), hereby submits his cross-claims against Admarketplace, and respectfully alleges as follows:

126.    Kilberg brings these cross-claims against Admarketplace for violations of New York Labor ("NYLL") § 193 due to their unlawful deductions from Kilberg's wages during his employment with Admarketplace.

127.    Kilberg repeats and realleges each and every allegation contained in the preceding Paragraphs, as if fully set forth herein.

## JURISDICTION

128.    With regard to the cross-claims, jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367 in that these are ancillary cross-clams under Rule 13(g) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") which arise out of the same transaction or

13

occurrence that is the subject matter described in the Complaint, Kilberg's cross-claims are so related so as to form the same case or controversy under Article III of the United States Constitution and Rule 13.

## **PARTIES**

129.    Kilberg is an individual and is resident of the State of New Jersey in Bergen County.

130.    Upon information and belief, Admarketplace is a duly formed corporation existing under the laws of the State of New York.

131.    On or about February 21, 2022, Kilberg was offered the position of Director of User Experience beginning on March 16, 2021.

132.    In a written offer letter, Kilberg was notified that he was eligible for a quarterly bonus of up to $5,250, based on 50% personal and 50% company performance.

133.    Kilberg remained gainfully employed by Admarketplace until on or about March 31, 2022, after he was wrongfully accused of discrimination and harassment by the Plaintiff.

134.    Kilberg was terminated without any investigation and without hearing his side of the story.

135.    Throughout his employment, Kilberg paid expenses personally based on Admarketplace's promise to reimburse Kilberg for expenses.

136.    However, many of Kilberg's expenses were never reimbursed, despite due demand.

137.    For example, and without limitation, Kilberg paid the following expenses out of his pocket: (i) $785.20 for company meal on March 17, 2022; (ii) $64.24 for subscription to FastSpring on August 30, 2022; (iii) $261.12 for a Figma UI kit and design system on December 13, 2021; (iv) $319.09 for lunch; (v) $246.79 for software; (vi) $249.00 for design library; (vii) $99.00 for set of icons; and (vii) all other unreimbursed expenses uncovered in discovery.

138.    Moreover, Kilberg was not paid his earned bonus, which is considered a wage supplement under the NYLL.

## AS AND FOR A FIRST CROSS-CLAIM
### (Unauthorized Deductions under NYLL § 193)

139.    Kilberg repeats and realleges each and every allegation contained in the preceding Paragraphs, as if fully set forth herein.

140.    Admarketplace is an employer within the meaning of NYLL § 190(3).

141.    Kilberg is an employee within the meaning of NYLL § 190(2).

142.    Defendant willfully violated NYLL § 193 by withholding reimbursement of expenses paid by plaintiff, which constitute wage supplements under the NYLL.

143.    Pursuant to the terms of the agreement between Kilberg and Admarketplace, the bonus compensation due and owing to plaintiff constitutes wages earned by plaintiff within NYLL § 190(1).

144.    Defendant willfully violated NYLL § 193 by withholding bonus owed to Kilberg, which constitute wage supplements under the NYLL.

145.    As a result of Admarketplace's violations of the NYLL, Kilberg is entitled to the unlawfully withheld expense reimbursements, the bonus, liquidated damages in an equal amount of the foregoing, plus interest (pre-judgment and post-judgment), attorneys' fees and costs.

## AS AND FOR A SECOND CROSS-CLAIM
### (Breach of Contract)

146.    Kilberg repeats and realleges each and every allegation contained in the preceding Paragraphs, as if fully set forth herein.

147.    Kilberg and Admarketplace entered into an agreement providing for, *inter alia*, a bonus of $5,250.00.

148.    Kilberg performed under the Agreement.

149.    Admarketplace breached the Agreement

150.    Kilberg suffered damages due to Admarketplace's breach.

151.    As a result of Admarketplace's breach, Kilberg is entitled to compensatory damages, incidental damages, and consequential damages in an amount to be determined at trial.

**WHEREFORE**, Defendant prays that the Court dismiss the Complaint in its entirety, including each and every demand and prayer for relief contained in the Complaint, for an Order awarding damages to Kilberg against Admarketplace, and to grant such other and further relief that the Court deems just, equitable, and proper.

Dated: Jamaica, New York
      April 14, 2025                     Respectfully submitted,

                                          **SAGE LEGAL LLC**

                                          __*/s/ Emanuel Kataev, Esq.*____
                                          Emanuel Kataev, Esq.
                                          18211 Jamaica Avenue
                                          Jamaica, NY 11423-2327
                                          (718) 412-2421 (office)
                                          (917) 807-7819 (cellular)
                                          (718) 489-4155 (facsimile)
                                          emanuel@sagelegal.nyc

                                          *Attorneys for Defendant*
                                          *Eugene Kilberg*

<u>**VIA ECF**</u>                   <u>**VIA ECF**</u>
Melissa Vo, Esq.              Melissa C. Rodriguez, Esq.
45 Broadway, Suite 430     101 Park Avenue
New York, NY 10006         New York, NY 10178-0060
mvo@tpglaws.com           melissa.rodriguez@morganlewis.com

*Attorneys for Plaintiff*      *Attorneys for Defendant*
*Alexandra Noh*             *adMarketplace, Inc.*