UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X

ALEXANDRA NOH,

                Plaintiff,

     v.                              Case No. 1:24-cv-2107 (ER)

ADMARKETPLACE, INC., and EUGENE
KILBERG, *individually*,

                Defendants.

-------------------------------------------------------------- X

## DEFENDANT ADMARKETPLACE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant adMarketplace, Inc., ("Defendant" or "adMarketplace"), by and through its attorneys Morgan Lewis Bockius LLP, answers and objects to Plaintiff Alexandra Noh's ("Plaintiff") Complaint as follows:[1]

## NATURE OF THE CASE

1. Defendant admits that Plaintiff purports to bring an action against Defendants but denies that Plaintiff has suffered any injury by Defendant's actions or inactions that would entitle her to any compensation, damages, or relief whatsoever. Defendant denies the remaining allegations in Paragraph 1 of the Complaint.

2. Defendant admits that Plaintiff purports to bring an action against Defendant pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII"),

---

[1] The inclusion of the Complaint's headings herein is only for consistency with the Complaint and are not admissions of the matters set forth in the headings. To the extent deemed necessary, Defendant denies any allegations included in any of the Complaint's headings.

42 U.S.C. § 1981, *et seq*. ("1981"), the New York State Human Rights Law, N.Y. Exec. Law § 296 et seq. ("NYSHRL") and the New York City Admin. Code, § 8–101 et seq. ("NYCHRL"), but denies that Plaintiff has stated a cognizable legal claim for any cause of action that would entitle her to any compensation, damages, or relief whatsoever. Defendant denies any remaining allegations in Paragraph 2 of the Complaint.

## JURISDICTION, VENUE, AND PROCEDURAL PREREQUISITES

3.  The allegations in Paragraph 3 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, Defendant admits that Plaintiff purports to invoke the Court's jurisdiction pursuant to 42 U.S.C. § 2000e-5(f)(3) and 1981, and 28 U.S.C. §§ 1331 and 1343. Defendant denies any remaining allegations in Paragraph 3 of the Complaint.

4.  The allegations in Paragraph 4 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, Defendant admits that Plaintiff purports to invoke the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Defendant denies any remaining allegations in Paragraph 4 of the Complaint.

5.  The allegations in Paragraph 5 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, Defendant avers that Charge of Discrimination and Complaint referenced in Paragraph 5 of the Complaint are documents that speak for themselves. To the extent that the allegations of Paragraph 5 misconstrue, mischaracterize, or misstate the content of such documents or otherwise take statements out of context, they are denied. Defendant denies any claims and/or allegations of discrimination, harassment, retaliation or any other unlawful conduct against Defendant contained in any such documents. Defendant admits that Plaintiff purports that venue is proper in this district pursuant

to 28 U.S.C. § 1391 and that Defendant has an office location in Manhattan. Defendant denies any remaining allegations in Paragraph 5 of the Complaint.

## PARTIES

6. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 6 of the Complaint and therefore denies the allegations in Paragraph 6 of the Complaint, except to admit that Plaintiff represented to Defendant to be a female.

7. Defendant denies the allegations contained in Paragraph 7 of the Complaint, except admits that it is a Delaware Corporation that does business in New York State.

8. Defendant admits the allegations in Paragraph 8 of the Complaint.

9. Defendant admits the allegations in Paragraph 9 of the Complaint.

10. Defendant admits that Plaintiff was an employee of adMartketplace between on or about October 26, 2021 and on or about April 30, 2022. Defendant denies any remaining allegations in Paragraph 10 of the Complaint.

11. Defendant admits that defendant Eugene Kilberg ("Kilberg") was employed by adMarketplace as the Director of User Experience between on or about March 16, 2021, to on or about April 1, 2022. Defendant denies any remaining allegations in Paragraph 11 of the Complaint.

12. The allegations in Paragraph 12 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, Defendant admits that Plaintiff reported to Kilberg for a period of time. Defendant denies any remaining allegations in Paragraph 12 of the Complaint.

13. The allegations in Paragraph 13 of the Complaint do not contain factual averments and, therefore, no response is required. To the extent that a response is required, Defendant admits that Plaintiff purports to define "Defendants" to include Defendant and Kilberg and denies that

Defendant and Kilberg engaged in any concerted unlawful or wrongful conduct of any kind. Defendant further avers that Defendant's responses hereto are on behalf of Defendant only and not on behalf of Kilberg. Defendant denies any remaining allegations in Paragraph 13 of the Complaint.

## MATERIAL FACTS

14. Defendant admits that Defendant hired Plaintiff on or about October 26, 2021, and that her last title at adMarketplace was UI/UX Product Designer. Defendant denies any remaining allegations in Paragraph 14 of the Complaint.

15. Defendant admits that Plaintiff was an UI/UX Product Designer at adMarketplace and that Plaintiff's role involved working with relevant stakeholders to build certain digital products. Defendant denies any remaining allegations in Paragraph 15 of the Complaint.

16. Defendant denies the allegations in Paragraph 16 of the Complaint.

17. Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff was "shocked, disgusted, and offended." Defendant denies any remaining allegations in Paragraph 18 of the Complaint.

19. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 19 of the Complaint.

20. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 20 of the Complaint.

21. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 21 of the Complaint.

22. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 22 of the Complaint.

23. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 23 of the Complaint.

24. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 24 of the Complaint.

25. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 25 of the Complaint.

26. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 26 of the Complaint.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 28 of the Complaint.

29. Defendant denies  lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 29 of the Complaint.

30. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 30 of the Complaint.

31. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 31 of the Complaint.

32. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 32 of the Complaint.

33. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 33 of the Complaint.

34. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 34 of the Complaint.

35. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 35 of the Complaint.

36. Defendant admits that employees of adMarketplace were allowed to work remotely due to the COVID-19 pandemic during a certain period of time, including during parts of 2021. Defendant denies any remaining allegations in Paragraph 36 of the Complaint.

37. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 37 of the Complaint.

38. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 38 of the Complaint.

39. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 39 of the Complaint.

40. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 40 of the Complaint.

41. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 41 of the Complaint.

42. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 42 of the Complaint.

43. Defendant denies that Kilberg "berated Plaintiff in front of other colleagues" "[o]n multiple occasions." Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 43 of the Complaint.

44. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 44 of the Complaint.

45. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 45 of the Complaint.

46. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 46 of the Complaint.

47. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 47 of the Complaint.

48. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 48 of the Complaint.

49. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 49 of the Complaint.

50. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 50 of the Complaint.

51. Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff was "incredibly shaken and disturbed." Defendant denies any remaining allegations in Paragraph 51 of the Complaint.

52. Defendant lacks knowledge or information sufficient to form a belief as to whether or why Plaintiff avoided "having her video camera on" or whether Plaintiff "started shaking at the thought of returning to the office." Defendant denies any remaining allegations in Paragraph 52 of the Complaint.

53. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 53 of the Complaint.

54. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 54 of the Complaint.

55. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 55 of the Complaint.

56. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 56 of the Complaint.

57. Defendant admits that on or about March 29, 2022, Plaintiff raised a complaint about Kilberg to adMarketplace's former Director of Human Resources, Claire Luckner. Defendant denies any remaining allegations in Paragraph 57 of the Complaint.

58. Defendant admits that on or about March 30, 2022, George Pappachen, former Senior Vice President of Legal Affairs, met with Plaintiff to discuss her complaint against Kilberg. Defendant denies any remaining allegations in Paragraph 58 of the Complaint.

59. Defendant avers that Pappachen expressed to Plaintiff that he wished she had raised her complaint sooner. Defendant denies any remaining allegations in Paragraph 59 of the Complaint.

60. Defendant denies the allegations in Paragraph 60 of the Complaint.

61. Defendant denies the allegations in Paragraph 61 of the Complaint.

62. Defendant denies the allegations in Paragraph 62 of the Complaint.

63. Defendant admits that Defendant's return to work policy applied to Plaintiff and avers that Plaintiff never returned to work physically at the office prior to her resignation. Defendant denies any remaining allegations in Paragraph 63 of the Complaint.

64. Defendant admits that Plaintiff resigned on or about April 29, 2022. Defendant denies any remaining allegations in Paragraph 64 of the Complaint.

65. Defendant denies the allegations in Paragraph 65 of the Complaint.

66. Defendant denies the allegations in Paragraph 66 of the Complaint.

67. Defendant denies the allegations in Paragraph 67 of the Complaint.

68. Defendant denies the allegations in Paragraph 68 of the Complaint.

69. Defendant denies the allegations in Paragraph 69 of the Complaint.

70. Defendant denies the allegations in Paragraph 70 of the Complaint.

71. Defendant denies the allegations in Paragraph 71 of the Complaint.

72. Defendant denies the allegations in Paragraph 72 of the Complaint.

73. Defendant denies the allegations in Paragraph 73 of the Complaint.

74. Defendant denies the allegations in Paragraph 74 of the Complaint.

75. Defendant denies the allegations in Paragraph 75 of the Complaint.

76. Defendant denies the allegations in Paragraph 76 of the Complaint.

77. Defendant denies the allegations in Paragraph 77 of the Complaint.

78. Defendant denies the allegations in Paragraph 78 of the Complaint.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
## (Not Against Individual Defendant)

79. Defendant realleges and reincorporates its responses to the allegations contained above with the same force and effect as if fully set forth herein.

80. The allegations in Paragraph 80 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 80 of the Complaint.

81. The allegations in Paragraph 81 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 81 of the Complaint.

## AS A SECOND CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK STATE EXECUTIVE LAW

82. Defendant realleges and reincorporates its responses to the allegations contained above with the same force and effect as if fully set forth herein.

83. The allegations in Paragraph 83 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, Defendant admits that Plaintiff purports to quote a section of Executive Law § 296, which is a statute that speaks for itself. To the extent that the allegations of Paragraph 83 misconstrue, mischaracterize, or misstate the content of such statute or otherwise take statements out of context, they are denied.

84. The allegations in Paragraph 84 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 84 of the Complaint.

## AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

85. Defendant realleges and reincorporates its responses to the allegations contained above with the same force and effect as if fully set forth herein.

86. The allegations in Paragraph 86 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, Defendant admits that Plaintiff purports to quote a section of the New York City Administrative Code § 8–107(1), which is a statute that speaks for itself. To the extent that the allegations of Paragraph 86 misconstrue, mischaracterize, or misstate the content of such statute or otherwise take statements out of context, they are denied.

87. The allegations in Paragraph 87 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 87 of the Complaint.[2]

### AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE VICARIOUS EMPLOYER LIABILITY
### (Against Defendant ADMARKETPLACE)

78. Defendant reallege and reincorporate its responses to the allegations contained above with the same force and effect as if fully set forth herein.

79. The allegations in (the second) Paragraph 79 of the Complaint, including subparagraphs (a)-(c), are legal conclusions to which no response is required. To the extent that a response is required, Defendant admits that Plaintiff purports to quote a section of the New York City Administrative Code § 8–107(13), which is a statute that speaks for itself. To the extent that the allegations of Paragraph 79 misconstrue, mischaracterize, or misstate the content of such statute or otherwise take statements out of context, they are denied.

80. Defendant denies the allegations in (the second) Paragraph 80 of the Complaint.

81. Defendant denies the allegations in (the second) Paragraph 81 of the Complaint.

82. Defendant denies the allegations in (the second) Paragraph 82 of the Complaint.

83. Defendant denies the allegations in (the second) Paragraph 83 of the Complaint.

84. Defendant denies the allegations in (the second) Paragraph 84 of the Complaint.

85. The allegations in (the second) Paragraph 85 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in (the second) Paragraph 85 of the Complaint.

---

[2] Plaintiff's Complaint is misnumbered. Paragraph 87 is immediately followed by another paragraph labeled 78. This Answer continues using the paragraph numbers as labeled in the Complaint.

86. Defendant denies the allegations in (the second) Paragraph 86 of the Complaint.

## JURY DEMAND

87. Defendant admits Plaintiff demands a trial by jury in this action, but denies that some or all of her claims are eligible for a jury trial.

Defendant denies all of the allegations and assertions contained in Plaintiff's "**WHEREFORE**" clause and paragraphs A-E, and specifically denies that Plaintiff is entitled to any relief whatsoever.

## DEFENSES

Without assuming the burden of proof on any matters that would otherwise rest with Plaintiff, and expressly denying any and all wrongdoing, Defendant alleges the following defenses to the Complaint. Defendant presently has insufficient knowledge or information to form a belief as to whether there are or may be additional defenses other than those stated below and has not waived any applicable defenses or affirmative defenses. Defendant explicitly reserves the right to assert and rely upon such other defenses as additional information becomes available during discovery proceedings or otherwise. Defendant further reserves the right to amend its Answer and/or defenses accordingly, and/or to delete defenses that it determines are not applicable, as additional information becomes available during discovery proceedings or otherwise.

WHEREFORE, Defendant asserts the following defenses and prays for judgment as set forth below:

1. Plaintiff's Title VII claims are barred as a matter of law as Plaintiff filed this matter more than 90 days the Equal Employment Opportunity Commission ("EEOC") issued and Plaintiff received the Right to Sue Letter on or about March 16, 2023.

2. Plaintiff's Complaint, in whole or in part, fails to state facts sufficient to state a claim upon which relief may be granted.

3. Plaintiff's claims are barred to the extent she failed to exhaust administrative remedies and/or satisfy some or all conditions precedent required to bring her claims.

4. Plaintiff's Complaint fails, in whole or in part, to state a prima facie claim of discrimination, whether based on gender, sex, race, national origin or any other protected characteristic or activity.

5. Any action taken by Defendant with respect to Plaintiff was non-discriminatory, taken in good faith, without discriminatory or retaliatory motives, based on lawful business reasons, and in conformity with applicable federal, state, and local laws.

6. If Plaintiff is able to prove any discrimination or retaliation occurred, which Defendant denies, Defendant reserves the right to present a mixed-motive defense, if applicable.

7. Plaintiff has failed to establish that the stated, nondiscriminatory, nonretaliatory business reasons for Defendant's alleged actions were pretextual.

8. Plaintiff's claims and remedies are diminished or barred to the extent that Defendant exercised reasonable care to prevent and correct promptly any discriminatory conduct and Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by Defendant or otherwise to avoid harm.

9. Plaintiff has not suffered any damages or losses, or if Plaintiff did suffer damages or losses, such damages or losses were caused in whole or in part by Plaintiff's own acts, omissions or conduct.

10. Plaintiff's claims, or some of them, are barred in whole or in part because Plaintiff has not appropriately or adequately mitigated her alleged damages or otherwise avoided harm.

11. Plaintiff's claims, or some of them, are barred in whole or in part by the applicable statutes of limitations.

12. Plaintiff's claims, or some of them, are barred in whole or in part by the doctrine of estoppel.

13. Plaintiff's claims, or some of them, are barred in whole or in part because such claims have been waived, discharged, and/or abandoned.

14. Plaintiff's claims, or some of them, are barred in whole or in part by the doctrine of laches.

15. Plaintiff's claims, or some of them, are barred in whole or in part by her unclean hands and/or inequitable or wrongful conduct.

16. If any damages have been sustained by Plaintiff, although Defendant denies that Plaintiff was subject to any damages due to its actions or inactions, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all obligations of Plaintiff owed to Defendant against any judgment that may be entered against Defendant.

17. Plaintiff's claims are barred to the extent Plaintiff has failed to comply with and/or violated any relevant or applicable Defendant's policies, procedures, rules, standards, or expectations.

18. If any improper, illegal or discriminatory acts were taken by any of Defendant's employees against Plaintiff, it was outside the course and scope of that employee's employment, contrary to Defendant's policies, and was not ratified, confirmed or approved by Defendant. Thus, any such actions were independent, intervening, and unforeseeable acts that cannot be attributed or imputed to Defendant.

19. Plaintiff's claims for punitive damages are barred because, at all relevant times, Defendant made a good-faith effort to comply with all applicable statutes and laws and because Defendant did not act with an improper motive or reckless disregard of Plaintiff's rights. Defendant acted at all times in good faith and consistently maintained, implemented, and enforced a policy in the workplace against discrimination and retaliation and otherwise exercised reasonable care to prevent and correct promptly any discrimination to which Plaintiff claims she was allegedly subjected.

20. Plaintiff's Section 1981 claim fails because she cannot show that her race was the but-for cause of any action taken by Defendant.

21. Plaintiff's allegations constitute petty slights and/or trivial inconveniences that are not actionable.

Defendant reserves the right to assert such other and additional defenses that may appear and prove applicable during the course of this litigation. Defendant also reserves the right to assert defenses and/or crossclaims against Defendant Kilberg for contribution and/or indemnification.

**WHEREFORE**, having fully answered, Defendant denies that Plaintiff is entitled to the relief requested, or to any other relief. Defendant denies each and every allegation of the Complaint not heretofore specifically admitted.

Dated: New York, New York
       April 15, 2025

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Melissa C. Rodriguez*
Melissa C. Rodriguez
Maria Fernanda DeCastro
101 Park Avenue
New York, NY 10178
Tel:   (212) 309-6000
Fax:   (212) 309-6001
melissa.rodriguez@morganlewis.com

maria.decastro@morganlewis.com

*Attorneys for Defendant adMarketplace, Inc.*